**SKELLY OIL COMPANY, Appellant,**

v.

**Matthew HARRIS et ux., Appellees.**

No. 7199.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 6, 1960.

Rehearing Denied Dec. 27, 1960.

Ramey, Brelsford, Hull & Flock, Tyler, C. E. Blodget, Tulsa, Okl., for appellant.

LeRoy La Salle and Crawford Parker, Jr., Carthage, for appellees.

DAVIS, Justice.

Appellee-plaintiffs, Matthew Harris and wife, Elaine Harris, sued appellant-defendant, Skelly Oil Company, seeking a judgment decreeing that the oil, gas and mineral lease covering 550 acres of land in Panola County had expired and terminated in accordance with its terms at the end of its primary term on October 21, 1953, and in the alternative, that said lease had terminated on or about November 25, 1953. The lease sought to be terminated was executed by appellees on October 21, 1943. It expired under its primary term without drilling or production on October 21, 1953. On October 5, 1953, appellant executed a declaration of unitization establishing a unit which included 59.59 acres of land out of appellee's lease. On October 17, 1953, appellant began drilling a well on the unit, but not on any of the lands described in appellee's lease.

On November 24, 1953, appellant completed a gas well in the unit that was fully capable of producing gas in paying quantities. Immediately, the well was capped, and appellant commenced the proceedings of securing a purchaser for the gas. Then

it commenced the laying of the necessary gathering lines, the installation of meters, and the test by the Railroad Commission to fix its allowable for the well. On January 4, 1954, actual delivery of the gas from said well was commenced, and the gas has been producing in paying quantities ever since.

The case was tried before the court without a jury, and upon completion of the trial, judgment was rendered terminating the lease. An appeal was perfected to this court, and when the case was first set for submission, the court was advised that the Supreme Court of Texas had granted a writ of error in the case of Reid v. Gulf Oil Corporation, Tex.Civ.App., 323 S.W.2d 107, and suggested that we continue this case until after the opinion of Reid v. Gulf Oil Corporation, supra. This the court did, and now that the Supreme Court has in Gulf Oil Corporation v. Reid, 337 S.W.2d 267, affirmed the judgment of the Court of Civil Appeals we have the submission of this case.

 The appellant only argues one point of error, which is stated as follows:

"Inasmuch as gas was produced and marketed from the well on the Shivers-Hamilton Unit within less than sixty days after its completion, and since same has been produced and marketed continuously thereafter, *there has been no cessation of drilling operations in said well for a period as long as sixty days* and, consequently, said lease has remained effective in accordance with its terms and provisions." (Emphasis added.)

It is doubted that the alleged point of error comes within Rule 418, Vernon's Ann. Texas Rules of Civil Procedure. Such Rule requires a point of error to be presented as only one specific error of the trial court.

It was stipulated and admitted in the trial court that there were no drilling or reworking operations in the unit for a period of 60 days after the completion of the well. No "shut-in" royalty payment was tendered by the appellant to the appellees. The appellant argues in support of its point of error that the 60 day period in the lease requires a different interpretation and construction than that in the case of Gulf Oil Corporation v. Reid, Tex., 337 S.W.2d 267. In that case, a gas well was completed on January 18, 1949 (after the termination of the primary term in the lease), and on February 19, 1949, Gulf tendered "shut-in" gas royalty payment to Reid, which was rejected by him. The case, Gulf Oil Corporation v. Reid, supra, clearly answers the argument of appellant. The Supreme Court held that the lease was terminated. We so hold in this case.

The point is overruled, and the judgment of the trial court is affirmed.