**R. B. ELLIS, Appellant,**

v.

**Ralph WOODS, Appellee.**

**No. 6065.**

Court of Civil Appeals of Texas,
El Paso.

March 25, 1970.

W. R. Barnes, Royal E. Caswell, Jr., Odessa, for appellant.

Kerr, Fitz-Gerald & Kerr, William L. Kerr, L. Lloyd MacDonald, Midland, for appellee.

OPINION

PRESLAR, Justice.

This is an action for personal injuries brought by the appellant, who appeals from a take-nothing judgment rendered at the conclusion of a pre-trial hearing under Rule 166. Basis of the judgment was a release executed by the plaintiff-appellant. We affirm.

Plaintiff alleged that his injuries occurred when he was working as an employee of Permian Casing Crews on a drilling rig operated by Warton Drilling Company and on which defendant Ralph Woods was also working as an independent contractor. He alleged that while the driller for Warton was backing casing out of the hole, the defendant allowed the casing tongs to drop on his left foot, which was negligence in several particulars. Suit was solely against Ralph Woods, and he defended by pleading a release executed by plaintiff Ellis. At the pre-trial hearing Ellis stipulated as to execution of the release, and the fact that it pertained to the injury for which he was suing is not disputed. Following entry of the judgment, he asked for and obtained findings of fact and conclusions of law and he filed a motion for new trial which was overruled. His first point of error is that the court erred in not allowing him to offer parol evidence that his intention in executing the release was merely to release Warton Drilling Company.

The written release was full and comprehensive and released "Warton Drilling Company and other persons, firms or corporations" from any and all causes of actions, etc., for "any and all known and unknown personal injuries and property damage resulting or to result" from the accident in question. We think the point of error must be overruled because appellant never replied to the pleaded release by any form of pleading, and the record is silent as to any offer of evidence by him and its refusal by the court. He says now that he never intended to release Woods; but he never pleaded such avoidance in the trial court. He never joined issue by any pleadings on which evidence, parol or otherwise, could be offered. Defendant Woods would be covered by the language "any other persons, firms or corporations" of the release, and the open court stipulation as to its execution and the subject matter covered, established a valid and effective release. The burden was then on plaintiff Ellis to plead and establish such facts as would render it invalid. Wilson v. Henwood, Tex. Civ.App., 337 S.W.2d 194 (err. ref. n. r. e.); Womble v. Atkins, 1960, 160 Tex. 363, 331 S.W.2d 294. If appellant had any defenses against the release, he was required to plead them; otherwise, they are waived. One of the stated matters to be considered at a pre-trial hearing under Rule 166, Texas Rules of Civil Procedure, is: "(c) The necessity or desirability of amendments to the pleadings". As indicated, appellant did not amend or supplement his pleadings to offer any avoidance of the release. Under such circumstances, nothing remained for the court but the effect of the release, so that the case was ripe for judgment. Although this was a pre-trial hearing, under the circumstances final judgment was proper. Pan American Petroleum Corp. v. Texas Pac. C. & O. Co., Tex.Civ.App., 340 S. W.2d 548 (err. ref. n. r. e.).

All points of error are overruled, and the judgment of the trial court is affirmed.