Gregory N. SMALL, Appellant,

v.

Robert A. BAKER, Jr., Appellee.

No. 8465.

Court of Civil Appeals of Texas, Beaumont.

Sept. 11, 1980.

John M. Joseph, Austin, for appellant.

Malcolm Robinson, Hooper, Robinson & Moeller, Austin, for appellee.

DIES, Chief Justice.

This is a Deceptive Trade Practices–Consumer Protection Act case (hereafter "The Act"), Vernon's Texas Code Annotated *Business and Commerce, § 17.41* et seq. (Supp.1980), wherein Robert A. Baker, Jr., as plaintiff below recovered by a jury trial from Gregory N. Small, defendant below, $13,500, plus $2,820 attorney's fees, from which Small brings this appeal. The parties herein will be referred to as they were below or by name.

Defendant Small in Points of Error 1, 2, 4, 5, 6, 7, 8, 9, 13, and 14 complains that there was no or insufficient evidence to support the jury findings. We review these points under the guidance of *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965), and *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Plaintiff Robert A. Baker, Jr., signed a contract to purchase a home in Austin. Part of the stipulation was that the seller would furnish a termite certificate. Defendant Small, in the Small Pest Control business, and licensed by the State of Texas under the Structural Pest Control Act [*Tex.Rev.Civ.Stat.Ann. art. 135b-6* (Supp.1980)], furnished the following certificate:

"TO WHOM IT MAY CONCERN: I hereby certify that based on careful inspection of accessible areas and on sounding of accessible structural members there is no evidence of termite or other wood–destroying insect infestation in the subject property, and, if such infestation previously existed, it has been corrected.

/s/ Gregory N. Small
Gregory N. Small
State License No. 1505–G"

Soon after purchasing the house, plaintiff discovered termites in it and the garage apartment in the rear. This was confirmed by another licensed pest control exterminator. The issues complained of and the jury findings follow:

"Special Issue No. 1

"Do you find from a preponderance of the evidence that by furnishing the June 10, 1977, written statement concerning termites defendant Gregory N. Small did one or more of the following. Answer 'Yes' or 'No' as to each item:

"1. Caused confusion or misunderstanding as to the certification of his services

"ANSWER: Yes.

"2. Represented that services performed by him had characteristics, uses, or benefits which they did not have.

"ANSWER: Yes.

"3. Represented that services were of a particular standard, quality, or grade when such services were of another standard, quality, or grade.

"ANSWER: Yes.

"4. Represented that work or services had been performed when such work or services had not been performed.

"ANSWER: Yes.

"Special Issue No. 2

"Do you find from a preponderance of the evidence that the act of furnishing the June 10, 1977, written statement concerning termites was a producing cause of damage which adversely affected plaintiff Robert A. Baker?

"ANSWER: We do."

While the record contains other evidence supporting the jury's conclusions on these issues, we have only to examine the defendant's testimony to conclude the issues are indeed supported by probative evidence.

The defendant admitted he in fact had found the termites from his inspection. He sent an employee to the house to eradicate them, but that employee did not do his job properly. He testified, "Well, I told them [the realtor] if we were to treat it we would not guarantee the job to rid the home from termites.... They merely implied they wanted a letter so they could close." He admitted his employee had not treated the property properly and that his certificate was confusing and did not conform to certain standards. These points are overruled.

■ Defendant's third point urges:

"The District Court erred in submitted special issue no. 1 over the timely objection of defendant, because the issue as submitted by the court contained multiple counts of violations of the Texas Deceptive Trade Practices Act ... and refusing to submit Defendant's requested issues, in that: each subpart of such issue constituted a separate statutory violation; were each controlling issues and the court's submission violated rules of statutory construction, and as such was an improper comment on the weight of the evidence."

In the first place, this point is multifarious. *Skelly Oil Company v. Harris*, 341 S.W.2d 693 (Tex.Civ.App.–Texarkana 1960, rev'd on other grounds, 352 S.W.2d 950 (Tex.1962); *Rio Delta Land Co. v. Johnson*, 566 S.W.2d 710 (Tex.Civ.App.–Corpus Christi 1978, writ ref'd n. r. e.).

But, laying this aside, *Tex.R.Civ.P. 277* specifically allows this form of submission. See *Southwest Lincoln–Mercury, Inc. v. Ross*, 580 S.W.2d 2, 4 (Tex.Civ.App.–Houston [1st Dist.] 1979, no writ).

And, as to the second part of his point– the court's failure to submit requested issues–our transcript does not show the court took any action on these requests. Hence, there is nothing for us to review. 3 R. McDonald, *Texas Civil Practice* § 12.34.2 (rev. 1970), at 431 (see cases cited in note 59).

■ Defendant's tenth point urges plaintiff was not found to be a "consumer" under The Act, hence, could not be given a judgment. Before the date of this certificate, *Tex.Bus.Comm.Code Ann.* § 17.45(4) (Supp.1980) defined "consumer" as "an individual, partnership, corporation, or governmental entity who seeks or acquires by purchase or lease, any goods or services." See and compare, *Woods v. Littleton*, 554 S.W.2d 662, 668 (Tex.1977). This point is overruled.

■ The jury found that it would cost $4,500 to repair the termite damage. Defendant insists the proper measure of damages would be the value before and after the damage. Defendant made no such objections at trial and, therefore, waived it. *Tex.R.Civ.P. 273*; 3 R. McDonald, *Texas Civil Practice* § 12.27.2 (rev. 1970), at 402–3. Cost of repairs have been approved. See *Dennis Weaver Chevrolet, Inc. v. Chadwick*, 575 S.W.2d 619 (Tex.Civ.App.–Beaumont 1978, writ ref'd n. r. e.).

Defendant has a point contending The Act is unconstitutional citing the concurring opinion in *Spradling v. Williams*, 566 S.W.2d 561, 565 (Tex.1978). While we are impressed by Judge Greenhill's arguments, there he was dealing with unspecified deceptive trade practices; while here, we deal entirely with "laundry list" practices or acts. Hence, we overrule this point.

■ The court's judgment awarded plaintiff $2,820 in attorney's fees which defendant says are not supported by evidence. Here, defendant is correct. The only evidence we have for plaintiff's attorney's fees is that the attorney worked thirty hours for which $60 per hour was customary. We realize from the colloquy between the attorneys in trying to stipulate on this, the evidence presented did not include the hours spent in trial; nevertheless, for our review, the attorney's fees must be supported by competent evidence. See *General American Reserve Insurance Co. v. Britton*, 406 S.W.2d 901 (Tex.1966); *Peeples v. Peeples*, 562 S.W.2d 503, 506 (Tex.Civ.App.–San Antonio 1978, no writ). We, therefore, order a remittitur of $1,020. Defendant has one other point which we find without merit,

and it is overruled. All points are overruled. If a remittitur of $1,020 is filed within ten days, the judgment of the trial court will be affirmed; otherwise it will be reversed and remanded.

AFFIRMED conditionally.

CLAYTON, J., not participating.