UNITRUST, INC., Appellant,

v.

JET FLEET CORPORATION, a Texas Corporation, Charles Andrew, and United States Aviation Underwriters, Inc., Appellees.

No. 05–83–00325–CV.

Court of Appeals of Texas, Dallas.

May 1, 1984.

Rehearing Denied June 12, 1984.

Stephen F. Malouf, Dallas, for appellant.

John H. Martin, Mark H. How, Clayton E. Davis, Frank Finn, Dallas, for appellees.

Before AKIN, CARVER and STEWART, JJ.

AKIN, Justice.

This is an appeal by Unitrust, Inc. from an order dismissing with prejudice its cause of action against Jet Fleet Corporation, a Texas Corporation, and Charles Andrew. Unitrust had sued Jet Fleet and Andrew for negligence resulting in hull damage to an aircraft, loss of use of the aircraft, and diminution in its value. United States Aviation Underwriters, managers for Unitrust's insurer, intervened with respect to its rights under a loan receipt agreement seeking to recover $249,000 expended on repairs to the aircraft. The apparent basis for the trial court's dismissal of the action was that Unitrust had assigned its cause of action to United States Aviation Underwriters, Inc., and thus Underwriters had exclusive control of the action.

Unitrust asserts four points of error: (1) that the trial court erred by dismissing its cause of action upon the grounds that it had released and waived its claim against Jet Fleet and Andrew; (2) that the trial court erred by dismissing its action upon the ground that recovery for all elements of damage had become the property of Underwriters; (3) that the trial court erred by ruling that the loss of use of the aircraft is not a compensable injury unless a substitute is used; and (4) that the trial court erred by summarily dismissing Unitrust's claims under TEX.R.CIV.P. 166.

We agree with Unitrust on all points. Consequently, we reverse the trial court's summary dismissal and remand the case for a trial on the merits.

This dispute arose as a result of an incident on January 18, 1981, in which an aircraft owned by Unitrust was damaged when it was landed with its wheels up. At the time of the crash-landing, the aircraft was controlled by two pilots employed by Unitrust, but each was being instructed on flying this aircraft by Andrew, an employee of Jet Fleet. As a result of the hull damage, Unitrust declined to execute a subrogation agreement but instead signed a loan receipt, which stated:

the undersigned hereby pledges to UNITED STATES AVIATION UNDERWRITERS, INC. all his, its or their claim for hull damage and any recovery thereon, against such person or persons, corporation or corporations, or other parties, or against any insurance carrier or carriers; and the undersigned agrees to deliver to United States Aviation Underwriters, Inc., Managers of the United States Aircraft Insurance Group, all documents necessary to show his, its or their interest in said aircraft, to promptly present claims against any and all persons, corporations or insurance carriers against whom a claim for loss of or damage to the said aircraft may lie, and, if required, to institute and prosecute suit in his, its or their own name or names for the purpose of effecting any such recovery with all due diligence, it being agreed, however, that such action as may be taken in connection with any such claims or suits is to be under the exclusive direction and control of the said United States Aviation Underwriters, Inc., and is to be without expense of any kind or nature to the undersigned.

Unitrust sued Jet Fleet and Andrew for the reasonable and necessary cost to repair the jet, together with the difference between the fair market value of the jet before the crash and after repairs, the value of the loss of use of the jet, and prejudgment interest on the diminution in the

fair market value from the date of the crash until the judgment is paid. On November 19, 1982, Underwriters, as managers for Unitrust's insurers, intervened claiming that it owned the cause of action for property damage because of the loan receipt, executed by the parties. On November 29, 1982, a pre-trial conference pursuant to TEX.R.CIV.P. 166 was held. The court overruled Unitrust's motion to strike Underwriter's Petition in Intervention, finding that the cause of action for hull damage (aircraft physical damage) belonged to Underwriters. After the attorney for Underwriters had been excused, Jet Fleet and Andrew *orally* moved the court to consider certain pleas in bar and to dismiss all causes of action that Unitrust had against them because the court had ruled that by executing the "Loan Receipt" agreement Unitrust has released Jet Fleet and Andrew. The court sustained the pleas in bar and dismissed Unitrust's suit with prejudice.

█ Unitrust contends that the court erred by dismissing its action upon the grounds that it had released and waived its claims against Jet Fleet and Andrew, and on the grounds that recovery for all elements of damage had become the property of Underwriters. In this respect, Unitrust argues that the measure of damages includes cost of repair, diminution in value, *and* loss of use, and that Underwriters was subrogated only to Unitrust's claim for aircraft physical damage. We agree. The only claim that Unitrust waived was as to Underwriters and that was limited to hull damage (aircraft physical damage), as specified in the loan receipt. The fact that Underwriters had intervened asserting its claim under the loan receipt for hull damage is not a ground to dismiss Unitrust's entire cause of action for other damages. Indeed, the fact that Unitrust was insured for a part of its loss cannot inure to the benefit of Jet Fleet and Andrew. In *Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931 (Tex.), *cert. denied,* 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980), the supreme court held that the collateral source rule prevents a wrongdoer

from having "the benefit of insurance independently procured by the injured party, and to which the wrongdoer was not privy." *Brown,* 601 S.W.2d at 934.

█ Apart from the fact that Jet Fleet and Andrew cannot assert Unitrust's insurance coverage as even a partial bar to Unitrust's claim against Jet Fleet and Andrew, it is well established that all or any part of a cause of action may be assigned. *Bradshaw v. Baylor University,* 126 Tex. 99, 84 S.W.2d 703 (1935); *Duke v. Brookshire Grocery Co.,* 568 S.W.2d 470 (Tex. Civ.App.—Texarkana 1978, no writ); *Friedman v. Martini Tile & Terrazzo Co.,* 298 S.W.2d 221 (Tex.Civ.App.—Fort Worth 1957, no writ). Furthermore, subrogation, such as that provided United Aviation Underwriters under the Loan Receipt, allows a party to have a partial interest in a cause of action. *See Rushing v. International Aviation Underwriters, Inc.,* 604 S.W.2d 239 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.); *see also Ortiz v. Great Southern Fire and Casualty Insurance Co.,* 597 S.W.2d 342 (Tex.1980). Because United States Aviation Underwriters owned but a part of Unitrust's cause of action for damages, the trial judge also erred in dismissing with prejudice all elements of damages arising from Unitrust's cause of action.

█ With respect to damages for diminution in value, although Unitrust had stipulated that the airplane was susceptible to being restored to its pre-crash condition by way of repairs, *Ives v. Webb,* 543 S.W.2d 907 (Tex.Civ.App.—Corpus Christi 1976, no writ), that does not necessarily mean that the value of the aircraft in its repaired condition was the same as its value before the crash. *Chase Bag Co. v. Longoria,* 45 S.W.2d 242 (Tex.Civ.App.—Waco 1931, writ dism'd). Consequently, Unitrust had the right to have a jury pass upon this question and the trial judge erred in denying Unitrust that right.

█ Likewise, with respect to the loss of use, Unitrust should have been permitted the opportunity to prosecute that claim. As the court in *Chase Bag Co.* noted:

In such cases the reasonable cost of . . . repairs is one of the elements of recovery, but not necessarily the only one. The value of the use of the injured article during the time reasonably necessary to effect such restoration may be recovered. 45 S.W.2d at 245.

45 S.W.2d at 245. *See also McCullough-Baroid Petroleum Service NL Industries v. Sexton,* 618 S.W.2d 119 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). By his extraordinary action, the trial judge also summarily denied Unitrust this right as well.

Next, Unitrust argues that the trial judge erred by ruling that the loss of use is not a compensable injury unless a substitute is used. We agree with Unitrust. In *Luna v. North Star Dodge Sales, Inc.,* 667 S.W.2d 115 (1984), the supreme court held that, "in order to prove loss of use of an automobile, the plaintiff need not rent a replacement . . . or show any amounts actually expended for alternative transportation." at 118. In the instant case, as in *Luna,* Unitrust may have suffered "compensable inconvenience for loss of use of" its aircraft. at 119. Consequently, Unitrust should not be barred from asserting its claim merely because it did not rent a replacement. Moreover, Jet Fleet's and Andrew's argument that Unitrust held the plane only for resale is without merit. Here, Unitrust clearly used the plane; in fact, it was using the plane on the day of the crash for training its pilots.

■ Finally, Unitrust contends that the trial court erred by summarily dismissing Unitrust's claims under the authority of TEX.R.CIV.P. 166. It argues that rule 166 does not authorize dismissal on the basis of affirmative defenses unless the parties agree or unless the summary judgment procedure is used. *See Kelley v. Bluff Creek Oil Co.,* 158 Tex. 180, 309 S.W.2d 208, 214 (1958) (pleas in bar are not the proper subject matter of disposition on a preliminary hearing before the court unless the parties so agree or summary judgment procedure is used). We agree. Without an agreement or notice of the nature of the hearing, Unitrust was precluded from preparing to meet the challenge presented by Jet Fleet since, without notice, it was not in a position to respond with opposing proof or authorities. *See Piper v. Estate of Thompson,* 546 S.W.2d 341, 344 (Tex.Civ.App.—Dallas 1976, no writ).

Nevertheless, Jet Fleet and Andrew, in support of their contention that rule 166 [1] permits the dismissal of a party's entire cause of action, cite *Provident Life & Accident Insurance Co. v. Hazlitt,* 147 Tex. 426, 216 S.W.2d 805 (1949). In that case, the supreme court held that, since "some of the issues" may be adjudicated at the pretrial hearing, "it follows that all of them might thus be determined." *Hazlitt,* 216 S.W.2d at 807. However, the court in *Hazlitt* went on to say that "no controverted issues of fact could be adjudicated at this conference, but orders could be entered disposing of issues which are founded upon *admitted* or *undisputed* facts." *Hazlitt,* 216 S.W.2d at 807 (emphasis added). Clearly, in the instant case, Unitrust has not admitted that its claims as to diminution in value and loss of use are owned by Underwriters. Furthermore, these claims were highly disputed between the parties. Consequently, *Hazlitt* does not justify the trial judge's dismissal of these claims.

Jet Fleet and Andrew also cite *Ellis v. Woods,* 453 S.W.2d 509 (Tex.Civ.App.—El Paso 1970, no writ), in support of their contention that, when no issues remain and the case is ripe for judgment, the entry of judgment at the conclusion of a pre-trial hearing under such circumstances is proper. In *Ellis,* the plaintiff had incurred injuries that occurred when he was working on a drilling rig operated by Warton Drilling Company. The injury was allegedly caused by Ralph Woods, an independent contractor on the job. The plaintiff executed a written release with respect to

---

**1.** The purpose of rule 166 is to simplify and shorten trials by limiting, if possible, the issues to be tried.

Warton Drilling Company. He then sued Woods. At a pre-trial hearing, the court rendered a take-nothing judgment because of the release. The court of civil appeals affirmed on the ground that the release in question contained the language that the plaintiff released " 'Warton Drilling Company and other persons, firms or corporations' from any and all causes of actions, etc., for 'any and all known and unknown *personal injuries* and *property damage* resulting or to result' from the accident in question." 453 S.W.2d at 510 (emphasis added). That case is inapplicable here because the release in the instant case was not nearly so broad, only releasing any claim to *hull damage* to Underwriters and did not release any other party or claim. Thus, Jet Fleet's reliance upon these cases is misplaced.

■ Finally, we note again that the action of the trial judge in this cause was extraordinary. A dismissal, when issues are disputed, without affording the parties a right to a full trial on the merits, should only be ordered if the summary judgment procedure is invoked or if the parties come to an agreement on the issues. Although dismissal at pre-trial is allowed in certain limited situations where only a legal question remains, see *Ellis* and *Hazlitt*, the appropriate procedure for summarily disposing of a case is by a summary judgment hearing, pursuant to TEX.R.CIV.P. 166–A in which both parties have the opportunity to present affidavits, admissions, and depositions, and to fully present their claims. We doubt the propriety of any other method of disposing of such a case. For all of the above reasons, we reverse and remand the case to the trial court for a trial on the merits.