**CENTURY 21 PAGE ONE REALTY, Appellant,**

v.

**Hooshang NAGHAD, Appellee.**

**No. 9571.**

Court of Appeals of Texas, Texarkana.

Sept. 13, 1988.

Rehearing Denied Oct. 11, 1988.

Jeffrey C. Elliott, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

Richard N. Dodson, Young, Patton & Folsom, Texarkana, for appellee.

GRANT, Justice.

Century 21 Page One Realty (hereafter called Century 21) appeals a judgment rendered against it and a home seller, Stanley Childers, for damages incurred by the purchaser, Hooshang Naghad, on the basis of their deceptive practices in the sale of Childers' house.

Naghad purchased the house from Childers for $115,000 on June 15, 1982. Childers had the house built as his residence in 1980. He listed the house for sale through Century 21 on May 21, 1982, with listing realtor Brenda Jones. Jones did not communicate with Naghad prior to the sale, and the liability of Century 21 is based on the multiple listing agreement she prepared, which stated that the house had no known defects.

Uncontroverted testimony shows that the house had a latent foundation defect, which resulted in cracked interior and exterior walls and caused leaks in the roof, and that it had an improperly designed and installed septic tank system, which bled liquid sewage onto the surface of the backyard. Water also leaked into the sunken living room, which occurred within a few weeks after Naghad took possession of the house. Naghad alleges that Century 21 and Childers represented that the house had no defects, although they had knowledge of these conditions.

The jury found that each of these defects existed in the home at the time Naghad purchased it in 1982, that Childers engaged in false, misleading or deceptive acts as to each of these defects, but that Century 21 engaged in false, misleading or deceptive acts only with reference to the septic system defect. The jury also found that the activities of both defendants were unconscionable and knowing and that Naghad incurred damages in the amount of $803.10 for flooding of the living area, $17,610 to repair the damage from the cracked foundation, $4,120 to repair the faulty septic tank, and $35,000 for the difference in value of the house as it actually was when purchased as opposed to its value if the house had been as represented.

Stanley Childers has not appealed the judgment against him, and this appeal is pursued solely by Century 21. The judgment provides that both defendants are jointly and severally liable for $35,000 actual damages, for an additional $1,000 in accordance with Tex.Bus. & Com.Code Ann. § 17.50 (Vernon 1987) (Deceptive Trade Practices Act), for $7,500 agreed attorney's fees, and for all costs. The jury did not award exemplary damages against either defendant.

Century 21 first contends that there is insufficient or no evidence to support the jury finding that it engaged in false, misleading or deceptive acts during its sale of the house to Naghad.[1] The jury found that

---

1. Tex.Bus. & Com.Code Ann. § 17.50(a)(1) (Vernon 1987) provides that a consumer may maintain an action where a person uses a false, misleading or deceptive act or practice contained in § 17.46(b). Tex.Bus. & Com.Code Ann. § 17.46(b) (Vernon 1987) contains the following provisions:

Century 21 engaged in these acts in reference to a septic system defect, and that it did so knowingly.

■ In reviewing a no evidence point, the court considers only the evidence tending to support the finding, viewing it in the light most favorable to the finding, giving effect to all reasonable inferences therefrom, and disregarding all contrary and conflicting evidence. *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex. 1981). Insufficient evidence points require that we consider and weigh all the evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Examining the testimony in the light most favorable to the verdict, there is positive testimony by Childers' next door neighbor, Vicki Donley, that the septic tank regularly malfunctioned and that she went to Century 21's office and personally informed the listing realtor, Brenda Jones, immediately after the for sale sign went up that if the problem were not remedied either by this owner or the next, she would sue them.

Century 21 also contends under this point that Donley's testimony must be ignored because it is interwoven with her testimony that she had also informed the purchaser Naghad about the sewage problem. It argues that the jury could not have concluded that the part of Donley's testimony about Naghad's knowledge was false, while accepting the remainder as true. However, this testimony does not state that the conversation with Naghad in the presence of a Century 21 realtor occurred before the sale of the house, and there is testimony that such a conversation took place several weeks after its sale.

■ A jury is the exclusive judge of credibility and the weight to be attached to the testimony of a witness, and the jury is to resolve the conflicts within the testimony of a witness or between witnesses. *Biggers v. Continental Bus System*, 157 Tex. 351, 303 S.W.2d 359 (1957). The charge submitted to the jury states that they "may believe all, any part, or none of the testimony of any witness...." We find that there is some evidence and that it is sufficient to support the jury finding on this issue.

■ Century 21 next argues that the trial court erred in admitting expert opinion testimony by David Hickman that was not based on "recognized standards and principles," contending that since his testimony was based on an improper standard of valuation, it has no probative force. Century 21 contends that this was the only evidence on valuation, that this amounted to no evidence and that this issue should not have been submitted to the jury. There is sufficient evidence to qualify Hickman as a real estate appraiser, and Century 21 does not suggest that Hickman was not qualified as an expert. Rather Century 21 contends that his method of reaching his conclusion was invalid. The factual basis upon which an expert arrives at his opinion goes to the weight of his testimony and not to the admissibility. *Grayce Oil Co. v. Peterson*, 128 Tex. 550, 98 S.W.2d 781 (1936); *Tenngasco Gas Gathering Co. v. Fischer*, 624 S.W.2d 301 (Tex.App.–Corpus Christi 1981, writ ref'd n.r.e.). Century 21 complains of Hickman's ten percent deduction from his original appraisal, which represents the value of the property at the time of trial, in order to determine the fair market value at the time of the transaction involved in this case. Hickman testified that he was aware of the changes in value that had occurred between the trial date and the date of the purchase and that his adjustment of the value to allow for this time interval was based upon his expert knowledge. We find that this testimony was admissible and had

(5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

....

(23) the failure to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

sufficient probative force to serve as a basis for the jury's finding on damages.

Century 21 also argues that the submission of the issues on damages was error, because they provided for double recovery by the plaintiff. The jury was asked in special issue 7, what sum of money would compensate Naghad for such conduct, and the damages were divided in accordance with the various defects:

(a) reasonable and necessary cost to repair the damage, if any, resulting from flooding, if any.

Answer: $803.10

(b) reasonable and necessary cost to repair the damage, if any, resulting from the cracked foundation, if any.

Answer: $17,610.00

(c) reasonable and necessary cost to repair the damage, if any, resulting from the faulty septic tank and field lines, if any.

Answer: $4,120.00

(d) the difference, if any, in the value of the house as it was purchased and the value it would have had if it had been as represented. The difference in value, if any, shall be determined at the time and place when the house was purchased.

Answer: $35,000.00

■ Had recovery been granted on all of these, that contention might be correct. Naghad elected to recover solely under one issue. Century 21 was held jointly and severally liable for damages assessed at $35,000, plus agreed attorney's fees, costs and a $1,000 penalty under the Deceptive Trade Practices Act. Tex.Bus. & Com. Code Ann. § 17.50 (Vernon 1987). It is clear that the amount was taken from the special issue on the dimunition of value of the house. If a verdict contains more than one acceptable measure of damages, so long as the findings do not cause an irreconcilable conflict, the plaintiff may elect the recovery he desires. *Hargrove v. Trinity Universal Ins. Co.*, 152 Tex. 243, 256 S.W.2d 73 (Tex.1953); *Butler v. Joseph's Wine Shop, Inc.*, 633 S.W.2d 926 (Tex. App.–Houston [14th Dist.] 1982, writ ref'd n.r.e.).

Century 21 further contends that the judgment is improper because it does not specify how the court arrived at the damage amount. A judgment must conform to the verdict (pursuant to Tex.R.Civ.P. 301), but we find the judgment to be unambiguous and to set out the liabilities of the defendants in conformity with the verdict.

In its last point of error, Century 21 contends that the trial court erred in rendering judgment against it based upon the answer to special issue 7(d). The only evidence in support of the answer to special issue 7(d) was the testimony of Hickman, a real estate appraisal expert called by the plaintiff. Throughout his testimony, Hickman clearly stated that his evaluations dealt only with the foundation defects. He did not testify as to any variation in the value of the house due to the septic tank defect.

■ Naghad contends that Century 21 waived its rights to complain about an improper measure of damages in the charge by failing to object to the charge on that basis. *Small v. Baker*, 605 S.W.2d 401 (Tex.Civ.App.–Beaumont 1980, no writ). Century 21 did object to the issue on the basis that it contained double damages. However, a jury verdict may have more than one acceptable measure of damages, and in that situation a plaintiff may be required to elect prior to the judgment and waive the surplus findings with respect to damages. *Kish v. Van Note*, 692 S.W.2d 463 (Tex.1985). If the plaintiff fails to elect between alternative measures of damages, the trial court should utilize the finding affording the greater recovery. *Birchfield v. Texarkana Memorial Hospital*, 747 S.W.2d 361 (Tex.1987).

■ The cost of repair and the diminished value are not always exclusive remedies. When the plaintiff properly pleads and proves that there will be diminished value even after the repairs are made, he is entitled to both measures of damages. *Brighton Homes, Inc. v. McAdams*, 737 S.W.2d 340 (Tex.App.–Houston [14th Dist.] 1987, writ ref'd n.r.e.); *Unitrust, Inc. v. Jet Fleet Corp.*, 673 S.W.2d 619 (Tex.App.–Dallas 1984, no writ); *Terminix Interna-*

*tional, Inc. v. Lucci,* 670 S.W.2d 657 (Tex. App.–San Antonio 1984, writ ref'd n.r.e.). In the present case, Naghad's pleadings are broad enough to cover both measures of damages; however, there is no evidence as to the diminished value after the repairs have been made.

In answer to special issue 3, the jury found that Century 21 engaged in false, misleading or deceptive acts in the sale of the house as to the septic system defect, but specifically negated a deceptive practice as to a drainage defect or a foundation defect. Thus, Century 21 contends that it could not be liable for the $35,000 damage amount found by the jury in 7(d), because the sole testimony on this diminished value damage was based upon the foundation defect.

 Naghad had alleged that both Childers and Century 21 had committed fraudulent acts for which they should be jointly and severally liable. When two or more persons jointly engage in the commission of a tort, they are jointly and severally liable. *Winter v. Hamilton,* 214 S.W.2d 330 (Tex.Civ.App.–Eastland 1948, no writ). On the other hand when there is no concert or unity of design and two people are acting independently and tortiously causing distinct harm for which there is reasonable basis for division according to the contribution of each, each is subject to liability only for the portion of the total harm that he has himself caused. Restatement (Second) of Torts § 881 (1979).

 Stanley Childers, the seller, testified that he disclosed the septic system defect to Brenda Jones prior to the listing of the house. He testified that in spite of being aware of the complaint being lodged about the sewer field line, she listed "no defects" on the multiple listing agreement. Brenda Jones denied that she had been told about the sewer defects by Childers. There was also testimony that a neighbor of Childers later informed Brenda Jones of

the sewer defect, but she did not amend the multiple listing agreement to reflect that information.[2] No issue was submitted to the jury on the contested issue as to whether Jones acted in concert with Childers in failing to reveal the sewer defect; however, based upon the seller's testimony this issue could be deemed as found by the trial court in support of the judgment pursuant to Tex.R.Civ.P. 279. According to W. Prosser, *Handbook of The Law of Torts* § 46, at 292 (4th ed. 1971):

> All those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts done for their benefit, are equally liable with him.

> Express agreement is not necessary, and all that is required is that there be a tacit understanding.

Century 21 complains that this contention was not pled by Naghad, but Naghad's pleadings allege that both defendants were involved in the fraudulent act and prayed for joint liability. No objections were made to the pleadings on this basis.

 When a party participates in a tortious act in concert with another (in the present case the fraudulent inducement of Naghad to purchase the house), it makes no difference that the damage inflicted by a joint tortfeasor exceeds what that party might have anticipated. *See Thompson v. Johnson,* 180 F.2d 431 (5th Cir.1950).

Furthermore, Century 21 is jointly and severally liable under Section 27.01(b) of the Texas Business and Commerce Code that was in effect at the time of this transaction[3] which states as follows:

> A person who makes a false representation or false promise, and a person who benefits from that false representation or false promise, commit the fraud de-

2. Brenda Jones did not actually sell the property to Naghad, but another realtor under the multiple listing agreement was involved in the sale of the property. The evidence indicates that Bren-

da Jones had never met Naghad until after the sale of the property.

3. This section was amended by Acts 1983, 68th Leg., p. 5208, ch. 949, §§ 1, 2, eff. Sept. 1, 1983.

scribed in Subsection (a)[4] of this section and are jointly and severally liable to the person defrauded for actual damages.

 The undisputed evidence shows that Century 21 did share in the commission on the sale of this property. Therefore, Century 21 benefitted from the false representations which induced the sale, thus making them jointly and severally liable along with the seller for the $35,000 in damages awarded by the jury.

The judgment of the trial court is affirmed.

CORNELIUS, Chief Justice, concurring.

I concur in the imposition of joint and several liability against Century 21 only on the basis of Section 27.01(b) of the Texas Business & Commerce Code as it existed when this cause of action arose. I do not agree that liability against Century 21 for damages resulting from the foundation defect can be based on Century 21's "action in concert" with Childers. The tort in this case was not fraudulent inducement to purchase the house. It was the failure to reveal defects. There is no pleading or evidence of concerted action with respect to the foundation defect, and there is a jury finding that Century 21 participated only in the failure to reveal the septic system defect. Liability on the basis of concerted action would therefore be unauthorized.

BLEIL, Justice, concurring.

I join in the Court's decision affirming the trial court's judgment. The evidence supports the jury's findings that Century 21 engaged in false, misleading and deceptive acts in connection with the sale of the house to Naghad. As a result, Naghad purchased a house worth $35,000.00 less than as represented by Century 21. The trial court properly entered judgment on

the verdict awarding Naghad the $35,000.00 in damages awarded by the jury.

---

4. Subsection (a) of Tex.Bus. & Com.Code Ann. § 27.01 (Vernon 1987) states the following:
 (a) Fraud in a transaction involving real estate or stock in a corporation or joint stock company consists of a
 (1) false representation of a past or existing material fact, when the false representation is

(A) made to a person for the purpose of inducing that person to enter into a contract; and
(B) relied on by that person in entering into that contract.