Stay Lifted; Petition for Writ of Mandamus Conditionally Granted, and
Opinion filed September 14, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00430-CV

___________________

 

In re Park Memorial Condominium Association,
Inc., Sameer Soleja, Lynn Tibbe, Michael Kirk, Barbara Belbot, and Jonathan
Simon, Relators



 



 

ORIGINAL
PROCEEDING 

WRIT OF MANDAMUS



 



 

 

OPINION

This
mandamus proceeding arises from a dispute between a condominium association and
some of the condominium residents over the ownership of insurance proceeds. 
The respondent trial court[1]
ordered the relators, Park Memorial Condominium Association, Inc. and its
directors (collectively, the “Association”),[2]
to distribute the disputed proceeds to the real parties in interest, an
assortment of individual unit owners (the “Homeowners”).  This mandamus action
followed.  See Tex. Gov’t Code Ann. § 22.221 (Vernon 2004); Tex. R. App.
P. 52.

We hold the trial court
deprived the Association of due process, and abused its discretion, by
summarily ordering distribution of the disputed funds in the absence of
pleadings actually requesting such relief.  Because the rulings in question are
void, we conditionally grant mandamus relief.

I.

Background

In 2008, the Association
filed a declaratory-judgment action in the 133rd District Court, asking the
trial court to affirm the Association’s legal right to sell the Park Memorial
Condominium complex.  That property, according to several engineering reports,
had sustained significant structural damage and, in lieu of making repairs, the
Association sought to sell the complex.

However, the Homeowners
– a collection of some, but not all, of the unit owners – opposed the Association’s
plan to sell the property.  They filed a separate lawsuit in a different
district court,[3]
generally accusing the Association and others of failing to properly maintain
the complex.  They also alleged that the Association and its attorney had mishandled
a lawsuit against the property’s insurer, Lexington Insurance Company.  That
lawsuit had resulted in a settlement agreement, through which the Association
received some unspecified amount of money from Lexington in settlement of the
claims.

Those insurance proceeds
– and, specifically, the question of who controls them – have become a
source of disagreement between the Homeowners and the Association.  The
Homeowners believe the proceeds should be distributed to the owners of the
individual condominium units.  Generally, the Association does not oppose
disbursement of the proceeds to most of the unit owners but claims a “setoff”
as to money to be distributed to the Homeowners because those individuals allegedly
interfered with a possible sale of the complex for $17 million.

In October 2009, the
Homeowners filed a motion asking the trial court to resolve the parties’
conflict by ordering the Association to distribute all of the insurance
proceeds to the unit owners.  In response, the Association repeatedly objected,
over the course of several hearings, that the Homeowners’ pleadings do not
actually claim any entitlement to the proceeds and that the trial court
could not grant relief not requested in the Homeowners’ pleadings.

Notwithstanding that
objection, on April 12, 2010, the trial court granted the Homeowners’ motion
and instructed the Association to distribute the disputed funds, ruling:

The Court is of the opinion that the net proceeds of the
settlement with Lexington Insurance Company . . . are the property of and
should be distributed to all owners of condominium units in the Park Memorial
Condominium (or their mortgagees, as applicable), and that no funds should be
withheld by Park Memorial Condominium Association, Inc. from the owner’s or mortgagees’
portion of such settlement funds.

 

The Association objected
to the ruling and asked for reconsideration, arguing that the trial court had
deprived the Association of due process by summarily disposing of its claims
without proper notice, pleadings, or proof.  The trial court denied the
Association’s motion for reconsideration on May 10, 2010.

In addition, the trial
court issued a show-cause order requiring the relators to appear before the
court on May 18, 2010 to explain their failure to immediately comply with the
court’s orders.  Relators petitioned this Court for a writ of mandamus, and we
stayed the trial court’s orders pending the resolution of this proceeding.  We
now lift our stay order and conditionally grant mandamus relief.

II.

Standard of
Review

A relator seeking
mandamus must show that the trial court abused its discretion and there is no
adequate remedy by appeal.  In re Laibe Corp., 307 S.W.3d 314, 316 (Tex.
2010) (orig. proceeding) (per curiam).  As to the first prong, a trial court abuses
its discretion if it (1) reaches a decision so arbitrary and unreasonable as to
constitute a clear and prejudicial error of law, (2) clearly fails to correctly
analyze or apply the law, or (3) acts without reference to any guiding rules or
principles.  See In re Columbia Med. Ctr. of Las Colinas, 306 S.W.3d
246, 248 (Tex. 2010) (orig. proceeding) (per curiam); In re Cerberus Capital
Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per
curiam); In re Helix Energy Solutions Group, Inc., 303 S.W.3d 386, 396
(Tex. App.—Houston [14th Dist.] 2010, orig. proceeding).

Regarding the second
prong, in determining the adequacy of relators’ appellate remedy, if any, we usually
consider whether the benefits outweigh the detriments of mandamus review.  See
In re BP Prods. N. Am., Inc., 244 S.W.3d 840, 845 (Tex. 2008) (orig.
proceeding).  However, if the trial court’s order is void, as is claimed here,
mandamus relief is appropriate and the relator need not show that he has no
adequate appellate remedy.  See In re Sw. Bell Tel. Co., 35 S.W.3d 602,
605 (Tex. 2000) (orig. proceeding) (per curiam).

III.

Analysis

The Association presents
at least two arguments in support of its request for mandamus relief.  First,
the Association contends its due-process rights were deprived because the trial
court granted the Homeowners relief that was not requested in their pleadings. 
Second, the Association contends the Texas Rules of Civil Procedure do not
authorize a trial court to resolve a disputed fact issue – here, entitlement to
the insurance proceeds – outside of a full trial on the merits, motion for
summary judgment, or agreement by the parties.  Accordingly, the Association
concludes that, by doing so, the trial court acted without reference to guiding
rules and principles and therefore abused its discretion.  See Helix Energy,
303 S.W.3d at 396.  We analyze each of these arguments in turn.

A.        Notice
of the Homeowners’ Requested Relief

Due process, on a
fundamental level, requires notice and a fair opportunity to be heard.  See Fuentes
v. Shevin, 407 U.S. 67, 80 (1972); Tex. Workers’ Comp. Comm’n v. Patient
Advocates of Tex., 136 S.W.3d 643, 658 (Tex. 2004); Derbigny v. Bank One,
809 S.W.2d 292, 295 (Tex. App.—Houston [14th Dist.] 1991, no writ).  Due
process requires a full hearing before a court having jurisdiction, the
opportunity to introduce evidence at a meaningful time and in a meaningful
manner, and the right to judicial findings based on the evidence.  See Perry
v. Del Rio, 67 S.W.3d 85, 92 (Tex. 2001); Derbigny, 809 S.W.2d at
295; King v. Lindley, 697 S.W.2d 749, 752 (Tex. App.—Corpus Christi
1985, writ ref’d n.r.e.); Jordan v. Jordan, 653 S.W.2d 356, 358 (Tex.
App.—San Antonio 1983, no writ).  

Here, notice of the
relief sought by the Homeowners – that is, distribution of the insurance
proceeds – should have been, but was not, apparent from their pleadings.  In
fact, their petition did not assert any claim whatsoever to the insurance
proceeds.

The primary function of
pleadings is to notify the opposing party of one’s claims and defenses, as well
as the relief sought.  See Herrington v. Sandcastle Condo. Ass’n, 222
S.W.3d 99, 102 (Tex. App.—Houston [14th Dist.] 2006, no pet.).  A trial court
cannot grant relief to a party in the absence of pleadings supporting that
relief, unless the issue has been tried by consent.[4]  See Cunningham
v. Parkdale Bank, 660 S.W.2d 810, 813 (Tex. 1983) (citing Tex. R. Civ. P.
301); Binder v. Joe, 193 S.W.3d 29, 32 (Tex. App.—Houston [1st Dist.]
2006, no pet.).  Therefore, we conclude the trial court abused its discretion
by granting the Homeowners relief not requested in their pleadings.  See
Helix Energy, 303 S.W.3d at 396.

B.        Summary
Disposition of Disputed Fact Issue

In addition, the
Association claims the trial court abused its discretion by summarily resolving
a disputed fact issue without a trial on the merits, motion for summary
judgment, or settlement by the parties.  We agree.

The Texas Rules of Civil
Procedure provide several procedural vehicles that may be used to resolve a
dispute between the parties.  Those options include, among other things, the
following:  trial on the merits, either to a jury or the bench, motions for
summary judgment, or agreements by the parties to compromise some or all of a
party’s claims.[5] 
See, e.g., Tex. R. Civ. P. 11 (agreements between parties), 166a
(summary judgment), 216 (jury trial), 262 (bench trial).  Except by these
methods, however, a trial court cannot resolve a disputed issue.  See
Unitrust, Inc. v. Jet Fleet Corp., 673 S.W.2d 619, 623 (Tex. App.—Dallas
1984, no writ) (“A dismissal, when issues are disputed, without affording the
parties a right to a full trial on the merits, should only be invoked if the
summary-judgment procedure is invoked or if the parties come to an agreement on
the issues.”).

In this case, the
parties disagree as to the proper amount of insurance proceeds, if any, that
should be distributed to the Homeowners.  The Homeowners generally argue the
Association, as a fiduciary, was obligated to distribute all of the
proceeds to the condominium residents.  The Association, however, believes it
should be entitled to an offset of some of those proceeds because of the
Homeowners’ allegedly wrongful actions in thwarting a possible sale of the
complex.

The Homeowners asked the
trial court to rule on the merits of that dispute, but not by summary judgment
or bench trial.  Instead, they claimed, as they do here, that the parties
reached an enforceable Rule 11 agreement[6]
that would fully and finally dispose of their disagreement.  The Association
argues, and the mandamus record proves, otherwise.

According to the
Homeowners, the Association reportedly agreed to distribute insurance proceeds
in exchange for the Homeowners’ agreement to permit the sale of the complex. 
They further claim that, while the parties had not yet worked out the details,
their general agreement to that effect was entered into the record at a hearing
on November 9, 2009.  See Tex. R. Civ. P. 11 (contemplating enforcement
of agreements “made in open court and entered of record”).  According to the
mandamus record, however, the Association’s attorney expressly denied any such
agreement to distribute insurance proceeds:

Judge, this case involves a
declaratory judgment action about whether or not the Park Memorial Homeowners’
Association has the right to sell the property.  I don’t know that the
insurance proceeds are actually a part of this lawsuit, so I’d have to go back
and look at that, but I can’t agree right now on the record that there’s
going to be an order that the proceeds be distributed because that’s not
part of the pleadings in this case.

. . . .

Right now what’s at issue is
whether or not the association has the authority to dis— to sell the property,
and so I don’t think right now there’s actually any jurisdiction for an
order that the proceeds be distributed . . . .[7]

 

We conclude the record clearly
fails to demonstrate an enforceable Rule 11 agreement between the parties.[8]  Thus, in the
absence of a motion for summary judgment or trial on the merits, the trial
court was not authorized to attempt to resolve the parties’ dispute by court
order.  See Unitrust, 673 S.W.2d at 623.  Accordingly, we hold that the
trial court, by acting without reference to any guiding rules or principles,
abused its discretion.  See Helix Energy, 303 S.W.3d at 396.

IV.

Conclusion

We conclude the trial
court’s orders compelling the Association to distribute insurance proceeds are
void for lack of jurisdiction,[9]
and represent an abuse of the trial court’s discretion.[10]  Because the orders
are void, the Association need not demonstrate it lacks an adequate remedy by
appeal.  See Sw. Bell, 35 S.W.3d at 605.  

We lift our stay order
issued May 17, 2010.  We conditionally grant the petition for writ of mandamus
and direct the trial court to set aside its two April 12, 2010 distribution
orders.  The writ will issue only if the trial court fails to act in accordance
with this opinion.

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

 

Panel consists of Justices
Brown, Sullivan, and Christopher.

 









[1] Respondent is the
Honorable Jaclanel McFarland, presiding judge of the 133rd District Court.





[2] The individuals who are
party to this mandamus proceeding include Sameer Soleja, Lynn Tibbe, Michael
Kirk, Barbara Belbot, and Jonathan Simon.





[3] That lawsuit, originally
filed in the 151st District Court, was later consolidated with the
Association’s declaratory-judgment action in the 133rd District Court.





[4] The Homeowners do not
contend, and the record would not support any implication, that the Association
somehow waived its right to complain about defects in the Homeowners’
pleadings.  See Tex. R. Civ. P. 67 (“When issues not raised by the
pleadings are tried by express or implied consent of the parties, they shall be
treated in all respects as if they had been raised in the pleadings.”). 
Instead, the record indicates that the Association repeatedly objected
to the lack of any pleadings supporting the Homeowners’ requested relief.





[5] This list is far from
exhaustive.  Depending on the circumstances, a lawsuit could also be concluded
by, for example, a plea to the jurisdiction, special exceptions, special
appearance, nonsuit, sanctions, default judgment, or instructed verdict.  See
Tex. R. Civ. P. 85, 91, 120a, 162, 215, 239, 268.  In addition, a trial
court may, in some circumstances, decide a pure question of law at a pretrial
conference.  See Tex. R. Civ. P. 166(g), cited in Walden v.
Affiliated Computer Servs., Inc., 97 S.W.3d 303, 322 (Tex. App.—Houston
[14th Dist.] 2003, pet. denied) (“Of course, the trial court’s authority in a
pretrial conference is limited to deciding legal, not factual, issues.”); but
see Martin v. Dosohs I, Ltd., 2 S.W.3d 350, 355 (Tex. App.—San Antonio
1999, pet. denied) (noting dismissal at pretrial conference is “not favored”). 
However, the parties do not contend that any of these rules apply here.





[6] Rule 11 provides that “no
agreement between attorneys or parties touching any suit pending will be
enforced unless it be in writing, signed and filed with the papers as part of
the record, or unless it be made in open court and entered of record.”  Tex. R.
Civ. P. 11.





[7] Emphases added.





[8] Even were we to infer a
valid agreement from the record, which we cannot, nothing would prohibit the
Association from withdrawing from such agreement.  A judgment cannot be
rendered on an agreement when a party has withdrawn from the agreement.  See
Ford Motor Co. v. Castillo, 279 S.W.3d 656, 663 (Tex. 2009).  In that
hypothetical scenario, the aggrieved party’s remedy would be to file a separate
claim for breach of contract.  See id.

Moreover, the Homeowners’ assertion of a purported
Rule 11 agreement does not change the fact that the trial court improperly
ordered distribution of the insurance proceeds without any pleadings requesting
such relief.





[9] Because a party’s
pleadings invoke the trial court’s jurisdiction to render a judgment, an order
not supported by the pleadings is void for lack of jurisdiction.  See Moreno
v. Moore, 897 S.W.2d 439, 442 (Tex. App.—Corpus Christi 1995, no writ).





[10] In light of our
disposition on these grounds, we need not address the Association’s alternative
challenges to the trial court’s ruling.  See Tex. R. App. P. 47.1.