THE PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY
v. JAMES B. HAZLITT.

No. A-1916. Decided January 19, 1949.
(216 S. W., 2d Series, 805.)

*Birkhead, Beckmann, Standard, Vance & Wood,* and *John H. Wood, Jr.,* all of San Antonio, for petitioner.

The Court of Civil Appeals erred in holding that the district court cannot consider the undisputed facts admitted by plaintiff under oath, until the case is called for trial and a hearing of the facts takes place, and in holding that questions of fact were not before the court and all that the court could determine was

whether or not the district court properly sustained the exceptions involved. Masten v. Masten, 165 S. W. (2d) 225; Masten v. Gower, 165 S. W. (2d) 901; Thomason v. Berry, 276 S. W. 185.

O. *Shelley Evans* and *Charles J. Lieck,* both of San Antonio, for respondents.

MR. JUSTICE FOLLEY delivered the opinion of the Court.

This is a suit upon an accident insurance policy issued by the petitioner, The Provident Life and Accident Insurance Company, insuring Mrs. Matilda Hazlitt, wife of the respondent, James B. Hazlitt, against accidental injuries. The suit was filed by the respondent in behalf of his wife seeking to recover under the terms of the policy for injuries sustained by her while she was riding as a passenger on a bus of the San Antonio Transit Company in the City of San Antonio.

The policy provided for disability benefits for a period of six months following accidental injury. It further provided that affirmative proof of loss should be furnished the company within ninety days, and that if the insured was disabled for more than thirty days she or her representative, as a condition precedent to liability, should furnish the petitioner at its principal office, every thirty days thereafter, a report in writing from her attending physician or surgeon, fully stating the condition of the insured and the probable duration of her disability, and that any failure in that respect should forfeit all rights to any indemnity under the policy.

Among other defenses the petitioner urged the above provisions of the policy as to proof of loss and medical reports as a complete bar to the recovery sought, alleging that neither the insured nor her husband had complied with such requirements. In response theretof the respondent alleged that the insured gave oral notice of the injury to Coleman and Company of San Antonio, the duly authorized agent of petitioner; that said agent advised the insured that the notice was given too late, denied liability, and would not entertain the claim nor furnish forms with which she could make proof of loss or medical reports; and that due to serious illness and incapacity she was unable to give notice of the injury within the time specified in the policy, but did give notice as soon as was reasonably possible.

Pursuant to the provisions of Rule 169, Texas Rules of Civil Procedure, the respondent, in response to two separate requests

therefor, admitted under oath the following facts: that the policy contained the provisions as to notice and medical reports; that the accident occurred on March 2, 1947; that prior to July 28, 1947, which was 148 days thereafter, no notice of the injury or claim for benefits under the policy was made to the petitioner; that prior to the filing of the suit on October 14, 1947, which was more than six months after the injury, no medical reports from a physician were furnished to petitioner, as required by the policy; that the insured reported in person at the office of her physician on March 19, 1947, nineteen days after the alleged injury, and also reported to his office and was attended by him on numerous occasions during the months of April, May, June and July, 1947; that during the month of April 1947, the insured and her husband employed a San Antonio attorney to represent them in prosecuting a claim against the San Antonio Transit Company for injuries received by the insured in the same accident; that during the months of April, May, June and July of 1947, they were represented by such attorney, and had numerous conferences with him regarding the accident; and that on July 28, 1947, they compromised and settled their claim against the Transit Company.

The cause came on for hearing in the trial court, on the special exceptions of the petitioner, and for pre-trial conference, and, after considering the pleadings and the admissions respondent made under Rule 169, the court sustained the exceptions of the petitioner; and, when advised by respondent's counsel that respondent could not amend his petition to allege compliance with the provision as to medical reports, the trial court concluded that "the plaintiff does not have a cause of action against the defendant and there remains nothing further to be tried in this cause", and thereupon rendered judgment that respondent take nothing against the petitioner.

The Court of Civil Appeals was of the opinion that the admissions made under 169 could not be considered in the pre-trial proceedings in ruling on the exceptions and disposing of the case, and that without such admissions the pleadings of the respondent were sufficient as against the exceptions because the alleged denial of liability would obviate the necessity of filing medical reports. Based upon the theory that such admissions were prematurely considered, and that the trial court had in effect rendered a summary judgment at a pre-trial hearing, the Court of Civil Appeals reversed the lower court judgment and remanded the cause for a new trial. 212 S. W. (2d) 1012.

We do not agree with the Court of Civil Appeals that the trial court was not authorized to consider the admissions of the respondent in ruling on the exceptions and disposing of the case, nor that the trial court had in effect rendered a summary judgment at a pre-trial hearing.

Rule 166 authorizes the trial court to direct the attorneys and the parties to appear before him for a conference to consider various matters that might expedite the disposition of the suit pending, such as dilatory pleas and motions and exceptions, simplication of the issues, amendments to the pleadings, the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, limitation of the number of expert witnesses, reference of issues to a master or auditor, and such "other matters as may aid in the disposition of the action". It further provides that the court shall make an order which recites the action taken at the pre-trial conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, *"and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered shall control the subsequent course of the action,* unless modified at the trial to prevent manifest injustice". (Emphasis supplied.)

██ The purpose of this rule is to simplify and shorten the trial and limit "the issues for trial to those not disposed of by admissions or agreements of counsel". This clearly contemplates that some of the issues may be adjudicated at the pre-trial hearing and thereby eliminated from further controversy. If some of the issues could be disposed of at this conference, it follows that all of them might thus be determined. Of course, no controverted issues of fact could be adjudicated at this conference, but orders could be entered disposing of issues which are founded upon admitted or undisputed facts. Certainly it was not intended that issues so determined should be litigated again. The rule indicates the contrary since it requires the court to enter an order specifying the matters disposed of and limiting the issues for trial to those not disposed of at the pre-trial conference.

However, we do agree with the Court of Civil Appeals that the question of waiver was not entirely eliminated from the case either by the pleadings or admissions of the parties, otherwise we would uphold the action of the trial court, because, in the absence of waiver, nothing would have remained to litigate and no useful purpose could have been served by postponing the rendition of the judgment until a subsequent trial on the merits, when no "merits" would have remained to be tried. But it ap-

pears from the admissions that notice of the injury was given the agent of petitioner on July 28, 1947, which was before the expiration of the six-month period of coverage, and thus, with the allegations of the denial of liability, a question of fact as to waiver was at least presented for a portion of the six-month period which had not then expired. Moreover, while the admissions strongly indicate that there was no reasonable or lawful excuse for not giving notice and filing medical reports prior to July 28, 1947, we doubt that we are authorized to so find as a matter of law; and since a portion of the claim must necessarily be retried, we think justice will best be served if the entire controversy is remanded for a new trial.

The judgment of the Court of Civil Appeals is therefore affirmed.

Opinion rendered January 19, 1949.

No motion for rehearing filed.