## CLARK v. HOLCHAK.

### No. 12386.

Court of Civil Appeals of Texas.
San Antonio.

March 12, 1952.

Rehearing Denied April 9, 1952.

Reynolds N. Cate, San Antonio, for appellant.

Wade & Wade, Reese Wade, John N. Barnhart, Beeville, for appellee.

POPE, Justice.

Appellant has appealed from the trial court's order dismissing his cause of action after sustaining a special exception and denying appellant an opportunity to amend his pleadings. The denial of the right to amend was ordered since the court found no amendment was possible that would assert a theory for a cause of action consistent with the written instrument sued upon and certain sworn admissions.

Appellant in his petition alleged that he was the owner of a one sixty-fourth royalty under a royalty contract that contained a clause stating:

"It is further agreed and herein stipulated that in case there is no paying production on said land on December 10, 1945, and for six months thereafter, that this grant shall become null and void, and the minerals hereby conveyed shall revert to the said Grantor, their heirs and assigns, but should there be such production, then and in that event, this grant shall remain in full force and effect until such production ceases, after which this instrument shall become null and void."

Appellant alleged further that on June 8th, which was within six months from December 10, 1945, there was paying production from an oil well on the property covered by the royalty contract. He prayed for declaratory relief construing the contract and also for a one sixty-fourth of the accumulated oil production.

Defendant specially excepted to the petition because it failed to assert "that there was paying production on said land on December 10, 1945 which continued for six months thereafter" as required by the royalty contract. But the hearing was something more than a hearing on special exceptions. It is called a pre-trial conference, and we are supplied with a statement of facts which shows that sworn testimony was heard, apparently without objection. The plaintiff willingly submitted to examination and cross-examination. On the strength of certain admissions in the form of sworn testimony and the royalty contract, the trial court held that a cause of action based on the presence of paying production as of the required time could not possibly be pleaded. On that basis, it de-

nied plaintiff the right to amend his petition and dismissed the cause.

At the pre-trial conference and the hearing on the pleadings, the case was simplified by the elimination of every issue between the parties except one. The sole remaining point of controversy between the parties was whether the property included in the royalty contract would revert in the absence of paying production on December 10, 1945, or whether the presence of paying production two days before the expiration of six months from that date would suffice. From the admissions made by the plaintiff at the conference, that single issue did not involve a dispute of fact. Admittedly there was no production on December 10, 1945. However, on June 9, 1946, which was within the six months period following December 10, there was an oil showing of 200 feet of oil in the drill stem. This occurred at a depth of about 4,000 feet, but nothing has ever been produced from that depth, because the well was drilled to a depth of about 7,000 feet where paying production was obtained about 30 days after the six month period had also expired.

The admitted fact that no production and no trace of production existed on December 10th disposes of this case, since that fact is necessary to plaintiff's cause of action under the royalty contract upon which he relies. The oil showing and the production occurring after that critical date are immaterial and did not revive the royalty contract that terminated on December 10th. Plaintiff's cause of action was reduced to the erroneous conclusion of law that production at any time before the expiration of six months from December 10th was all that the royalty contract required. The provisions of the royalty contract required the trial court to sustain the special exception. The royalty contract required the pleading of a fact that is contrary to the party's admission of fact developed on the pre-trial. Provident Life & Accident Ins. Co. v. Hazlitt, 147 Tex. 426, 216 S.W. 2d 805.

We think the contract is capable of no interpretation except that the property interest reverted in the absence of paying production on December 10, 1945. Since that necessary production did not exist and cannot be alleged, there was a reverter and the cause was properly dismissed. Fleming v. Ashcroft, 141 Tex. 41, 175 S.W.2d 401; Garcia v. King, 139 Tex. 578, 164 S.W.2d 509; Upshur County v. Heydrick, Tex.Civ. App., 221 S.W.2d 326, 328; Morrison v. Swaim, Tex.Civ.App., 220 S.W.2d 493.

The judgment is affirmed.