Alfonso Asiain BARRAGAN and Vicki
Ridlon De Asiain, Appellants,

v.

Charles D. MOSLER, Janet E. Mosler,
and Southern Texas Title
Company, Appellees.

No. 13–92–539–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 3, 1994.

Franklin T. Graham, Jr., Brownsville, for appellants.

William A. Faulk, Jr., Brownsville, Tom Fleming, Atlas & Hall, Brownsville, for appellees.

Before SEERDEN, C.J., and GILBERTO HINOJOSA, and FEDERICO G. HINOJOSA, Jr., JJ.

*OPINION*

GILBERTO HINOJOSA, Justice.

Appellants, Alfonso Asiain Barragan and Vicki Ridlon de Asiain, appeal the trial court's granting of a motion for summary judgment in favor of appellees, Charles D. Mosler, Janet E. Mosler and Southern Texas Title Company. We affirm.

In March 1991 the Moslers entered into a contract with appellants to sell them the Flamingo Motel for $450,000. Under the terms of the agreement, appellant deposited $13,000 in earnest money with Southern Texas Title Company. However, the sale did not occur as planned, and the Moslers attempted, but failed, to retrieve the earnest money held by Southern Texas Title Company.

Appellants sued appellees, asserting that appellees breached the contract for sale between them. Appellants attached a copy of the contract to their petition. They alleged in their petition that they were in Brownsville, Texas,[1] "during the first part of May 1991," and that they were "ready, willing and

---

1. Appellants' residence was fifty miles outside of Mexico City, Mexico.

able" to complete the purchase at that time. They further alleged that appellees' agent told them that the Moslers were not going to close the transaction, but that the earnest money would be returned to them in due course. Appellants did not plead for specific performance of the sales contract. They asked for $50,000 in mental anguish and, apparently, for the return of the earnest money.

The Moslers generally denied appellants' allegations and specifically denied that appellants were ready, willing and able to complete the purchase as alleged in their petition. The Moslers also asserted the affirmative defenses of rescission, release and waiver. Finally, the Moslers counterclaimed for the $13,467.63 in earnest money.

On May 7, 1992, the Moslers filed interrogatories, requests for admissions and requests for production of documents. No answer to these discovery requests were filed within thirty days. On June 11, 1992, the Moslers filed a motion for summary judgment against appellants. The motion requested summary judgment for $13,467.63 in liquidated damages and $6,000 in reasonable attorneys fees.

The Moslers filed an affidavit on June 11, 1993, supporting their motion for summary judgment. They attested that on April 30, 1991, the closing date set for the contract in dispute, they were advised by Coastal Realty that appellants would be in the next day to close. On the next day, they were advised that the appellants were presenting financial information to an individual who held a first mortgage lien on the motel. When the Moslers saw appellants on May 2, 1991, appellants were preparing to leave the motel (where they had been residing). The Moslers attest that appellants stated to them that they were not going to close the transaction and that they were leaving to return to Mexico. The affidavit also states that the Moslers elected to take the earnest money on May 4, 1991, and that they signed a document to cancel the escrow at Coastal Realty on May 6, 1991. The Moslers attest that they terminated the contract because of appellants' re-

pudiation and that at no time prior to that termination did they tell appellants that they would not close on the contract for sale.

Appellants never filed a written response to the Moslers' summary judgment motion. Appellants answered the Moslers' (May 7, 1992) discovery requests on June 24, 1992. On June 26, 1992, appellants were granted a motion for extension of time in which to answer the Moslers' discovery requests.[2] According to the docket sheet, the hearing on the motion for summary judgment was held July 9, 1992. On August 4, 1992, the trial court granted the Moslers' summary judgment. It ordered Southern Texas Title Company to pay the Moslers all funds held as earnest money pursuant to the contract for sale. It also awarded appellees $6,000 as reasonable and necessary attorneys' fees.

Appellants challenge the trial court's granting of this motion for summary judgment. They allege that the trial court erred because the pleadings, discovery responses, admissions and answers to interrogatories on file show that there are genuine issues as to material facts. The first issue presented, therefore, is whether appellants' pleadings and discovery responses may be used as summary judgment evidence to defeat the Moslers' motion for summary judgment.

■ Appellants rely on the following excerpt of Rule 166a(c) as legal authority:

The judgment sought shall be rendered forthwith if (i) the deposition transcripts, *interrogatory answers,* and other discovery responses referenced or set forth in the motion or response, and (ii) the *pleadings, admissions,* affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion

---

2. The motion for extension of time explained that appellants' Mexican residence caused difficulties in obtaining signatures on the discovery requests.

or in an answer or in any other response. (emphasis added)

Tex.R.Civ.P. 166a(c).

Although it may appear from Rule 166a(c) that interrogatory answers, pleadings and admissions are proper summary judgment evidence, in reality, well-established case law severely limits the trial court's ability to consider them in the summary judgment context. Generally, even verified pleadings do not qualify as competent summary judgment evidence. *Americana Motel, Inc. v. Johnson,* 610 S.W.2d 143, 143 (Tex.1980); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); *Hidalgo v. Surety Savings & Loan Ass'n,* 462 S.W.2d 540, 543–44 (Tex.1971); *but see Galvan v. Public Util. Board,* 778 S.W.2d 580, 583 (Tex.App.—Corpus Christi 1989, no writ) (pleadings as judicial admissions). Denials made in response to requests for admissions do not constitute proper summary judgment evidence, either. *Americana Motel, Inc.,* 610 S.W.2d at 143; *City of Richland Hills v. Bertelsen,* 724 S.W.2d 428, 431 (Tex.App.—Fort Worth 1987, no writ). Moreover, answers to interrogatories can be used only against the party answering the interrogatories. Tex.R.Civ.P. 168(2); *Worley v. Butler,* 809 S.W.2d 242, 245 (Tex.App.—Corpus Christi 1991, writ denied). They cannot be used to defeat a motion for summary judgment on the ground that they raise a material fact issue. *Elliott v. State,* 818 S.W.2d 71, 73 (Tex.App.—San Antonio 1991, writ denied); *Walker v. Horine,* 695 S.W.2d 572, 575 (Tex.App.—Corpus Christi 1985, no writ). In addition, summary judgment proof must be attached to the summary judgment motion or response. *MBank Brenham v. Barrera,* 721 S.W.2d 840, 842 (Tex.1986); *Grimes v. Corpus Christi Transmission Co.,* 829 S.W.2d 335, 340 (Tex.App.—Corpus Christi 1992, writ denied). In the present case, appellants failed to respond at all to the Moslers' motion for summary judgment. Accordingly, none of the discovery responses cited by appellants as summary judgment evidence can, in fact, be considered as summary judgment evidence.

The only remaining issue, therefore, is whether the uncontested summary judg-ment evidence filed by the Moslers established that there was no genuine issue of material fact and that the Moslers were entitled to judgment as a matter of law. Appellants' petition and the Moslers' affidavit established that a contract for sale did exist. Pursuant to the same contract, appellants deposited $13,000 in earnest money with Southern Texas Title Company. According to the Moslers' uncontested affidavit, appellants repudiated the contract. By the uncontested terms of the contract, the Moslers are entitled to the balance in the earnest money account. The Moslers' summary judgment evidence also included an uncontested affidavit from their attorney attesting that $6,000 was reasonable and necessary attorneys' fees. We hold that the trial court was correct in granting summary judgment for the Moslers. We overrule the appellants' point of error.

Having determined that the trial court correctly granted summary judgment in appellees' favor on the basis of the summary judgment evidence before it, we hold that appellees' cross point complaining of the trial court's allowance of untimely response to discovery requests has no effect on our disposition of the appeal. Therefore, we do not address the cross point. Tex.R.App.P. 90(a).

We AFFIRM the trial court's judgment.