**Martha McCREIGHT, Appellant,**

v.

**The CITY OF CLEBURNE,**
**et al., Appellees.**

**No. 10–96–014–CV.**

Court of Appeals of Texas,
Waco.

Feb. 5, 1997.

Rehearing Overruled March 26, 1997.

Chris Cessac, Gary Smith Noteboom, Hurst, for appellant.

Russell E. Wilson, Decker, Jones, McMackin, McClane, Hall & Bates, Fort Worth, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

DAVIS, Chief Justice.

Appellant Martha McCreight filed suit against Appellees, the City of Cleburne and T.R. Lowery, for injuries she sustained when a tree limb collided with the school bus she was driving along a street in Cleburne adjacent to Lowery's property. After a pretrial hearing conducted at the request of McCreight and Cleburne, the trial court determined that the tree limb constituted a premise defect rather than a special defect.[1] The trial court's written order thus limited the duty Cleburne owed to users of the street under the Texas Tort Claims Act. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.022 (Vernon 1986).

---

1. The trial court apparently made this ruling under the authority of TEX.R.CIV.P. 166.

In a separate pretrial hearing, the trial court granted a summary judgment in favor of Lowery. The case was tried before a jury with the issues limited by the trial court's pretrial rulings. The jury failed to find that the conduct of either McCreight or Cleburne was a proximate cause of McCreight's injuries. McCreight filed a motion for new trial which questioned the trial court's pretrial determination that the tree limb was a premise defect. The court overruled the motion after a hearing.

McCreight raises three points of error concerning the trial court's determination that the tree limb was a premise defect. These points assert: (1) that the court's pretrial characterization of the tree limb as a premise defect was erroneous; (2) that the court abused its discretion in sustaining Cleburne's special exceptions; and (3) that the court erred in overruling her motion for new trial. Her fourth point of error contests the trial court's granting summary judgment in favor of Lowery.

THE PRETRIAL ORDER

In her first point of error, McCreight complains that the trial court's pretrial order erroneously characterized the tree limb as a premise defect.

A review of the pleadings submitted to the trial court reveals that the parties requested a pretrial ruling on this issue to simplify issues to be presented at trial and to guide the parties in trial preparation. The court's decision was made on the basis of the pleadings, briefs, and argument of counsel. The court's written order declared that the tree limb was a premise defect and mandated that

the evidence and the charge would be submitted to the jury solely on this basis.

■ Cleburne claims that no complaint has been preserved since McCreight failed to have a statement of facts filed with the Court. However, when the ruling being reviewed was based solely on the pleadings, briefs, and argument of counsel, a statement of facts is unnecessary. *Otis Elevator Co. v. Parmelee,* 850 S.W.2d 179, 181 (Tex.1993). Thus, McCreight has preserved complaint of any error which may be found in the order.

The parties' filed briefs to assist the trial court in making its ruling on the characterization of the tree limb. The briefs reflect that McCreight and Cleburne sharply disagreed as to the facts underlying the location of the tree limb in relation to the street and whether the bus was on or off the road at the time of the collision.

■ McCreight suggested at oral argument that the pretrial order should be reviewed in the same manner as a summary judgment because it disposed of one of her theories of liability in a summary fashion. *See, e.g., Crawford v. Ace Sign, Inc.,* 917 S.W.2d 12, 13 (Tex.1996); Tex.R.Civ.P. 166a(e). We agree that the pretrial order was essentially a partial summary judgment.[2] Therefore, we will review the order applying the same standard we would in considering a partial summary judgment entered in response to cross-motions of the parties. *See Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex. 1988).[3]

■ When the parties have filed competing motions for summary judgment and one is granted while the other is denied, the

**2.** But cf. *Provident Life & Acc. Ins. Co. v. Hazlitt,* 147 Tex. 426, 429, 216 S.W.2d 805, 806 (1949) (pretrial dismissal of suit was not in effect a summary judgment where trial court sustained special exceptions and plaintiff refused to amend his pleadings). *Provident Life* was decided prior to the adoption in Texas of the summary judgment procedure. *Hazlitt v. Provident Life & Acc. Ins. Co.,* 212 S.W.2d 1012, 1015 (Tex.Civ.App.— San Antonio 1948), aff'd, 147 Tex. 426, 216 S.W.2d 805 (1949); Tex.R.Civ.P. 166a. *Provident Life* is also distinguishable from this case because the plaintiff refused to amend his pleadings in response to special exceptions. *Provident Life,* 147 Tex. at 429–30, 216 S.W.2d at 807.

**3.** In other cases where pretrial orders have been reviewed, the courts have usually applied an abuse of discretion standard. *See, e.g., Wagner & Brown v. E.W. Moran Drilling Co.,* 702 S.W.2d 760, 771 (Tex.App.—Fort Worth 1986, no writ). However, these cases generally involved discovery disputes, pleading disputes, or orders based on undisputed facts. *Id.* Because the pretrial order in this case summarily disposed of one of McCreight's theories of liability on the basis of disputed facts, we do not believe abuse of discretion is the correct standard to apply.

court may consider the propriety of the denial as well as the granting. *Capitan Enterprises, Inc. v. Jackson,* 903 S.W.2d 772, 774–75 (Tex.App.—El Paso 1994, writ denied). If the issue raised is based upon undisputed and unambiguous facts, then the Court can determine the question presented as a matter of law. *See Capitan Enterprises,* 903 S.W.2d at 775. In this situation, the court will either affirm the judgment or reverse and render. *Jones,* 745 S.W.2d at 900; *Tobin v. Garcia,* 159 Tex. 58, 64, 316 S.W.2d 396, 400–401 (1958).[4] However, if determination of the issue lies in disputed or ambiguous facts, summary judgment is inappropriate, and the court will reverse and remand. *See Coker v. Coker,* 650 S.W.2d 391, 394–95 (Tex.1983).

■ The determination of whether an obstruction or condition is a premise defect or a special defect ordinarily "is a question of duty involving statutory interpretation and thus an issue of law for the court to decide." *State Dep't of Highways & Pub. Transp. v. Payne,* 838 S.W.2d 235, 238 (Tex.1992). However, when the facts surrounding the obstruction or condition are disputed, the trier of fact must decide the underlying fact issues which determine the legal issue of whether it constitutes a special or premise defect. *Park v. Troy Dodson Constr. Co.,* 761 S.W.2d 98, 100 (Tex.App.—Beaumont 1988, writ denied).[5]

■ While Rule 166 has many valuable applications which promote judicial economy, its application in this case was inappropriate. The pretrial conference contemplated by this rule should not be used to determine issues involving controverted facts. *Provident Life,* 147 Tex. at 429, 216 S.W.2d at 807. It is a tool to "dipos[e] of issues which are founded upon admitted or undisputed facts." *Id.*

4. When the parties' motions are premised differently, the court may also reverse and remand. *Sosa v. Williams,* 936 S.W.2d 708, 711 (Tex. App.—Waco 1996, n.w.h.).

5. *See, e.g., State Dep't of Highways & Pub. Transp. v. Zachary,* 824 S.W.2d 813 (Tex.App.—Beaumont 1992, writ denied), in which the Court ruled on the propriety of eight questions submitted to the jury which "amounted to a finding"

The facts surrounding the location of the tree limb and whether McCreight was on or off the road were vigorously contested. Therefore, the trial court's Rule 166 pretrial characterization of the tree limb as a premise defect was improper. For this reason, we sustain McCreight's first point of error.

## CLEBURNE'S SPECIAL EXCEPTIONS

McCreight's second point alleges that the trial court erred in granting Cleburne's special exceptions to portions of her fourth amended petition. Cleburne specially excepted to the fourth paragraph of the petition where McCreight alleged that the tree limb constituted a special defect and to the seventh paragraph in which she sought exemplary damages from Cleburne based on this characterization. The trial court's pretrial characterization of the tree limb as a premise defect was the basis for Cleburne's special exceptions.

■ We will reverse a trial court's ruling on special exceptions only when an abuse of discretion is shown. *Fernandez v. City of El Paso,* 876 S.W.2d 370, 371 (Tex.App.—El Paso 1993, writ denied).

Having already decided that the trial court erred in entering a pretrial order characterizing the tree limb as a premise defect, we hold that the court abused its discretion in granting Cleburne's special exceptions on the basis of that erroneous ruling. Accordingly, we sustain McCreight's second point of error.

Because we sustain McCreight's first and second points of error, we need not consider her third point of error.[6]

## LOWERY'S SUMMARY JUDGMENT

By her fourth point of error, McCreight avers that the trial court erred in granting summary judgment in favor of Lowery.

that the obstruction was a special defect rather than a premise defect. *Id.* at 817.

6. Cleburne suggests that McCreight has waived her third point of error because she did not have a statement of facts filed with the Court. However, because we determine that error requiring reversal occurred prior to the trial on the merits, we do not reach this issue.

Lowery claimed in his motion for summary judgment that he did not own the property on which the trees were located. As a result, Lowery contended that he had no duty to maintain the trees or to warn passers-by of any dangers they might pose. In support of his motion, Lowery attached various exhibits, including photographs, surveys, deed records, a copy of the police accident report, and a copy of a Cleburne housing inspector's report regarding the trees in question. These documents suggest that the trees are within the public right of way owned by Cleburne in fee simple.

To her response, McCreight attached summary judgment proof in the form of Cleburne's and Lowery's answers to her interrogatories.[7] In his answers, Lowery claimed that he owned the property on which the trees were located. Additionally, Lowery admitted to having the trees trimmed prior to the date of McCreight's accident.

In a summary judgment proceeding, the movant has the burden to establish that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). On review, we must accept all evidence which favors the non-movant as true. *Nixon*, 690 S.W.2d at 548–49. Every reasonable inference is indulged in favor of the non-movant and all doubts resolved in its favor. *Nixon*, 690 S.W.2d at 549.

In this case, we must determine whether Lowery met his burden by establishing that no genuine issue of material fact exists. *Nixon*, 690 S.W.2d at 548. He must prove his entitlement to summary judgment as a matter of law. *Id.* We will accept as true all evidence favorable to McCreight and indulge every reasonable inference and resolve all doubts in her favor. *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex.1993). We will consider evidence favoring Lowery only if it is uncontroverted. *See Great Am. Reserve*

*Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965).

Indulging every reasonable inference and resolving all doubts in McCreight's favor, we find that the summary judgment evidence raises material fact issues as to the ownership of the premises in question and thus, as to the duty, if any, owed by Lowery to maintain the premises or to warn of defects. Therefore, we sustain McCreight's fourth point of error.

We reverse the judgment and remand the cause for a new trial.

Reversed and remanded

that we can consider them in deciding this issue. *See Wilson v. General Motors Acceptance Corp.*, 897 S.W.2d 818, 821–22 (Tex.App.—Houston [1st Dist.] 1994, no writ). We need not decide this question of waiver, however, because Lowery's answers standing alone are sufficient to raise an issue of material fact.