TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00695-CV






Dave and Kim Devoe, Appellants



v.



Great American Insurance, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 99-05965, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING







 Dave and Kim Devoe (the "Devoes") appeal the trial court's summary judgment
in favor of Great American Insurance ("Great American") and the denial of the Devoes' motion
for summary judgment. We will affirm the judgment of the trial court.


BACKGROUND


 The Devoes contracted with Tri-Mark Development Corporation ("Tri-Mark") to
construct a custom home. Tri-Mark was insured by Great American under a Business Pro
Commercial Liability Policy (the "Policy"). The Devoes contend that as work progressed, a
number of flaws developed in Tri-Mark's performance, including improper and deficient
workmanship and the failure to complete the home in the agreed upon time. The Devoes filed suit
against Tri-Mark and its principal, Gerald Zigrossi, to recover damages and attorney's fees. The
Devoes alleged that Tri-Mark breached the contract by failing to construct the residence in a good
and workmanlike manner and by violating certain provisions of the Deceptive Trade Practices Act
("DTPA"). Tri-Mark requested that Great American defend and indemnify Tri-Mark based on
the Policy, which Tri-Mark argues covered the complaints. Great American declined to defend
on the basis that the claims alleged were not covered by the Policy. Tri-Mark failed to appear for
trial, and the Devoes provided the trial court with evidence of liability and damages. The Devoes
were granted a default judgment against Tri-Mark for actual damages of $216,035.13, attorney's
fees in the amount of $27,173.23, and post-judgment interest.

 The judgment rendered by the trial court remained unsatisfied, however, and the
Devoes consequently brought the present suit against Great American, seeking recovery as third-party beneficiaries under the terms of the Policy. Great American moved for summary judgment
on the following grounds: (1) the underlying injury did not arise from an "occurrence" and
therefore is not covered by the policy; (2) the injury falls under a policy exclusion for
"unexpected or intentional injury"; (3) the injury falls under a policy exclusion for property
damage that "arises out of these operations"; (4) the injury falls under a policy exclusion for
"property that must be restored, repaired or replaced because Tri-Mark's work was incorrectly
performed on it"; (5) the injury falls under a policy exclusion for damage to "impaired property
or property that has not been physically injured"; (6) allowing the Devoes to recover would allow
the insured to be paid twice for its work; and (7) no actual trial was held in the suit between the
Devoes and Tri-Mark.

 The Devoes in turn filed a motion for partial summary judgment, alleging that the
amended petition included allegations of facts sufficient to bring the Devoes' claims within the
scope of the policy. The Devoes alleged that they were entitled to partial summary judgment
because there were no genuine issues of material fact regarding the following facts: (1) at least
some of the damages claimed by the Devoes potentially came within the scope of coverage; (2)
the insurance company was notified of the lawsuit against Tri-Mark and was given the opportunity
to defend; (3) the insurance company failed to tender a defense of the insured; and (4) the
judgment obtained against the insured included an award for damages coming within the scope
of coverage.

 The trial court granted Great American summary judgment on all the grounds
asserted in its motion except for the contention that there was no actual trial held in the suit
between the Devoes and Tri-Mark; the trial court denied the Devoes' motion for partial summary
judgment. The Devoes appeal the trial court's grant of judgment in favor of Great American, and
in addition complain of the trial court's denial of their motion for partial summary judgment. 


DISCUSSION


 When both sides move for summary judgment and the trial court grants one motion
and denies the other, the appealing party may appeal both the prevailing party's motion as well
as the denial of its own. Holmes v. Morales, 924 S.W.2d 920, 922 (Tex. 1996). In such a
situation, we review the summary judgment evidence presented by both sides and determine the
questions presented. Commissioners Court v. Agan, 940 S.W.2d 77, 81 (Tex. 1997). If the
pertinent facts are undisputed, the court can determine the issues presented as a matter of law. 
McCreight v. City of Cleburne, 940 S.W.2d 285, 288 (Tex. App.-Waco 1997, writ denied). In
this situation, the court will either affirm or reverse and render. Jones v. Strauss, 745 S.W.2d
898, 900 (Tex. 1988); Tobin v. Garcia, 316 S.W.2d 396, 400-01 (Tex. 1958). However, if
resolution of the issues rests on disputed facts, summary judgment is inappropriate, and the court
will reverse and remand. Coker v. Coker, 650 S.W.2d 391, 394-95 (Tex. 1983); McCreight, 940
S.W.2d at 288. The parties do not dispute the pertinent facts; the issue in this case is whether
those facts trigger Great American's duty to defend. By their first and second issues, the Devoes
argue that Great American is liable to the Devoes under the policy for wrongfully refusing to
defend the insured and therefore the trial court erred in granting summary judgment for Great
American.

 Texas follows the "eight corners" or "complaint allegation" test: the insurer has
a duty to defend when the facts alleged in the petition, if assumed to be true, establish a liability
that is covered under the policy. See National Union Fire Ins. Co. v. Merchants Fast Motor
Lines, 939 S.W.2d 139, 141 (Tex. 1997). The insurer is to examine the pleadings, in light of the
policy, without reference to the merits of the allegations in the petition and without reference to
what the parties know or believe the true facts to be. Heydon Newport Chem. Corp. v. Southern
Gen. Ins. Co., 387 S.W.2d 22, 24 (Tex. 1965). If the allegations state a claim that is potentially
within the coverage of the policy, then the insurer has a duty to defend. Id. at 25. The courts
will liberally interpret the meaning of the factual allegations in the insured's favor. Id.

 However, the Supreme Court has stated that in order to determine whether factual
allegations are covered by a policy, the allegations must be at least specific enough to "create that
degree of doubt which compels resolution of the issue for the insured." Merchants Fast Motor
Lines, 939 S.W.2d at 142. The court will not imagine factual scenarios that might trigger
coverage or read facts into the pleadings. Id. If a petition does not allege facts within the scope
of coverage, an insurer is not legally required to defend the suit against its insured. Id. at 141. 

 The insurance policy issued by Great American is a general liability policy. 
Section one of the policy coverage agreement states:


(1)(a) We will pay those sums that the insured becomes legally obligated to pay
as damages because of "bodily injury" or "property damage" to which this
insurance applies. We will have the right and duty to defend any "suit"
arising out of those damages . . . .


 (b) This insurance applies to "bodily injury" or "property damage" only if:

 

 (1) the "bodily injury" or "property damage" is caused by an
"occurrence" that takes place in the "coverage territory"; and 


 (2) the "bodily injury" or "property damage" occurs during the policy
period.



The policy defines "occurrence" as an "accident," including continuous or repeated exposure to
substantially the same general harmful conditions.

 Even if a petition does not include the word "accident," it does not preclude the
possibility that an accident caused the damage. Stumph v. Dallas Fire Ins. Co., 34 S.W.3d 722,
729 (Tex. App.-Austin 2000, no pet.). In Mid-Century Insurance Co. v. Lindsey, the supreme
court clarified the definition of "accident" by stating that:


an injury is accidental if from the view point of the insured it is not the natural and
probable consequence of the action or occurrence which produced the injury; or
in other words, if the injury could not reasonably be anticipated by the insured, or
would not ordinarily follow from the action or occurrence which caused the injury. 



997 S.W.2d 153, 155 (Tex. 1999).

 In Argonaut Southwest Insurance Co. v. Maupin, the insuring agreement required
the insurer to pay for damages to property "caused by an accident." 500 S.W.2d 633, 634 (Tex.
1973). The court held that when the insured's acts were voluntary and intentional, and the injury
was the natural result of the intentional acts, the event was not an accident even though the
particular injury may have been unexpected, unforeseen, and unintentional. Id. at 635.

 It is well settled that insurance policies should be strictly construed in favor of the
insured to avoid exclusion of coverage. Puckett v. U.S. Fire Ins. Co., 678 S.W.2d 936, 938
(Tex. 1984). However, this does not apply when the term to be construed is unambiguous and
susceptible of only one construction; then the court must give the words of the policy their plain
meaning. Id.

 The Devoes contend that the allegations in their pleadings are adequate to infer that
their complaints arise from an occurrence. To support their argument, the Devoes cite Stumph,
in which this Court determined that the allegations in the pleadings suggested that the damages
in that case resulted from an occurrence within the meaning of the policy at issue. Stumph, 34
S.W.3d at 729. Indeed in Stumph, the factual allegations in the petition in the underlying suit
against Stumph supported the inference of an occurrence. Stumph contracted with Byram
Properties ("Byram") to perform contract repairs to a parking garage, and Stumph's work resulted
in damage to several vehicles. Id. at 725-26. Byram sued Stumph for breach of contract and
violations of the DTPA. Id. Byram's petition alleged that: 


subsequent to the completion of the work performed [Byram] was informed by a
building tenant that cement from the repaired area had fallen on her vehicle. 
Moreover, [Byram] has received, and continues to receive, numerous complaints
that concrete sediments from the repaired area has dripped, and continues to drip,
onto their vehicles resulting in the damaging of the paint on the vehicles.



Id. at 729. The Devoes make no parallel allegations here that would support the inference of an
occurrence. The petition in Stumph contained facts alleging that the damages resulted from certain
events and were not the natural and probable consequences of repairing a garage. Id. Byram did
not merely allege that the garage repairs were not performed in a good and workmanlike manner,
as did the Devoes. 

 The Devoes maintain that "shoddy workmanship" can be considered an occurrence. 
The Devoes support their argument by relying on a court of appeals opinion in which the court
noted that the underlying petition alleged as follows: drainage problems in the garage floor,
excessive floor displacement, warped and swollen windows and doors, rotten woodwork, leaking
in the roof, warped and uneven floors, and continual breakdown of the elevators. Cullen/Frost
Bank of Dallas, N.A. v. Commonwealth Lloyd's Ins. Co., 852 S.W.2d 252, 258 (Tex. App.--Dallas
1993, writ denied). However, the court in Cullen/Frost Bank was not asked to determine whether
the conditions alleged qualified as an occurrence because the parties stipulated the existence of an
occurrence and disagreed only as to the number of occurrences. Id. at 257. Therefore, the
holding in Cullen/Frost Bank does not aid the Devoes in their contention that the facts they alleged
constituted an occurrence within the meaning of the policy.

 A review of the Devoes' claim for relief does not turn on any alleged "occurrence"
as required by the Policy. In applying the eight-corners test to this case, the Devoes' allegations
must state a claim that is potentially within the coverage of the Policy. The damages complained
of by the Devoes concentrate on Tri-Mark's defective construction. While the Devoes' allegations
are to be liberally construed, we are not obligated to imagine factual scenarios that could
potentially bring the claim within the policy limits. See Merchants Fast Motor Lines, 939 S.W.2d
at 142. They do not allege any event or series of events that could be construed as an accident. 
The Devoes' home was constructed over a period of time as a voluntary and intentional act by the
insured, and the alleged deficient and substandard construction did not constitute an accident or
an occurrence under the plain-meaning rule even if the resulting, poorly constructed home was
unexpected, unforeseen, or unintended by the insured. See Argonaut Southwest Ins. Co., 500
S.W.2d at 633. We overrule the Devoes' first and second issues.

 Because the summary judgment is supported on the disposition of these issues, we
need not address the Devoes' remaining issues regarding the trial court's grant of summary
judgment. See Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).

 Great American had no duty to defend; therefore, we hold that the trial court did
not err in granting summary judgment in favor of Great American and in denying the Devoes'
motion for partial summary judgment.


CONCLUSION


 We hold that the pleadings did not allege an "occurrence" that would trigger Great
American's duty to defend under the insurance policy. We accordingly affirm the trial court's
judgment.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: May 3, 2001

Do Not Publish Released for publication August 9, 2001. Tex. R. App. P. 47.3(c).



ph, 34
S.W.3d at 729. Indeed in Stumph, the factual allegations in the petition in the underlying suit
against Stumph supported the inference of an occurrence. Stumph contracted with Byram
Properties ("Byram") to perform contract repairs to a parking garage, and Stumph's work resulted
in damage to several vehicles. Id. at 725-26. Byram sued Stumph for breach of contract and
violations of the DTPA. Id. Byram's petition alleged that: 


subsequent to the completion of the work performed [Byram] was informed by a
building tenant that cement from the repaired area had fallen on her vehicle. 
Moreover, [Byram] has received, and continues to receive, numerous complaints
that concrete sediments from the repaired area has dripped, and continues to drip,
onto their vehicles resulting in the damaging of the paint on the vehicles.



Id. at 729. The Devoes make no parallel allegations here that would support the inference of an
occurrence. The petition in Stumph contained facts alleging that the damages resulted from certain
events and were not the natural and probable consequences of repairing a garage. Id. Byram did
not merely allege that the garage repairs were not performed in a good and workmanlike manner,
as did the Devoes. 

 The Devoes maintain that "shoddy workmanship" can be considered an occurrence. 
The Devoes support their argument by relying on a court of appeals opinion in which the court
noted that the underlying petition alleged as follows: drainage problems in the garage floor,
excessive floor displacement, warped and swollen windows and doors, rotten woodwork, leaking
in the roof, warped and uneven floors, and continual breakdown of the elevators. Cullen/Frost
Bank of Dallas, N.A. v. Commonwealth Lloyd's Ins. Co., 852 S.W.2d 252, 258 (Tex. App.--Dallas
1993, writ denied). However, the court in Cullen/Frost Bank was not asked to determine whether
the conditions alleged qualified as an occurrence because the parties stipulated the existence of an
occurrence and disagreed only as to the number of occurrences. Id. at 257. Therefore, the
holding in Cullen/Frost Bank does not aid the Devoes in their contention that the facts they alleged
constituted an occurrence within the meaning of the policy.

 A review of the Devoes' claim for relief does not turn on any alleged "occurrence"
as required by the Policy. In applying the eight-corners test to this case, the Devoes' allegations
must state a claim that is potentially within the coverage of the Policy. The damages complained
of by the Devoes concentrate on Tri-Mark's defective construction. While the Devoes' allegations
are to be liberally construed, we are not obligated to imagine factual scenarios that could
potentially bring the claim within the policy limits. See Merchants Fast Motor Lines, 939 S.W.2d
at 142. They do not allege any event or series of events that could be construed as an accident. 
The Devoes' home was constructed over a period of time as a voluntary and intentional act by the
insured, and the