# NO. 12-20-00074-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***ZERGA PHIN-KER, LP,*** <br> ***APPELLANT*** | § | ***APPEAL FROM THE*** |
| ***V.*** | § | ***COUNTY COURT AT LAW NO. 2*** |
| ***HARTFORD FIRE INSURANCE*** <br> ***COMPANY,*** <br> ***APPELLEE*** | § | ***GREGG COUNTY, TEXAS*** |

### *MEMORANDUM OPINION*

Zerga Phin-Ker, LP, appeals the trial court's order granting summary judgment in favor of the Hartford Insurance Company. Appellant presents two issues for our consideration. We affirm.

### BACKGROUND

This case arises out of the construction of two senior living facilities in Longview, Texas. In May 2013, Zerga Phin-Ker, LP ("Zerga" as owner) and HMC Contracting Services, LLC ("HMC" as constructor) entered into two standard form AIA A133 contracts (collectively, the "contracts") for the construction of two senior living facilities (collectively, the "projects") in Longview, Texas.[1] In connection with the projects, Hartford, as surety, executed two performance and payment bonds (collectively, the "bonds") with HMC as principal and Zerga as obligee.

The contracts each contain identical sections establishing Zerga's responsibilities to provide financial information upon HMC's written request:

---

[1] The American Institute of Architects (AIA) is a professional organization for architects in the United States that, among other things, provides contract documents that are the model for the construction industry.

§ 3.1.2 Prior to the execution of the Guaranteed Maximum Price Amendment, the Construction Manager may request in writing that the Owner provide reasonable evidence that the Owner has made financial arrangements to fulfill the Owner's obligations under the Contract. Thereafter, the Construction Manager may only request such evidence if (1) the Owner fails to make payments to the Construction Manager as the Contract Documents require, (2) a change in the Work materially changes the Contract Sum, or (3) the Construction Manager identifies in writing a reasonable concern regarding the Owner's ability to make payment when due. The Owner shall furnish such evidence as a condition precedent to commencement or continuation of the Work or the portion of the Work affected by a material change. After the Owner furnishes the evidence, the Owner shall not materially vary such financial arrangements without prior notice to the Construction Manager and Architect.

After commencement of construction on the projects, a dispute arose between Zerga and HMC over delays in construction. The parties disagree over the particular facts and circumstances that led to the dispute. Hartford claims that Zerga initiated and approved several change orders that increased the amount Zerga owed to HMC under the contracts. Hartford contends that Zerga delayed and/or short-paid HMC's payment applications despite the increase in contract sums. Zerga contends that HMC's acts, or omissions caused the delays. In a letter dated May 4, 2015 to Zerga, HMC explained its reasons for the delays and requested additional change orders. In the same letter, HMC asked Zerga to furnish it with reasonable evidence that Zerga made financial arrangements to fulfill its obligations under the contracts. Zerga did not provide the requested evidence, but instead responded with a letter wherein Zerga disputed the validity of the previously executed change orders which increased the contract sums. Despite Zerga's failure to provide the requested information, HMC continued working on the projects.

Zerga sent HMC a letter, dated August 12, alleging that HMC materially breached the contract by (1) failing to supply the projects with enough skilled laborers and materials, (2) failing to pay subcontractors for materials and labor, (3) failing to complete the projects timely, and (4) abandoning the projects. Zerga further informed HMC it would be making a claim against Hartford under the bonds for completion of the projects, payments to subcontractors and suppliers, and liquidated damages under the contract. Hartford denied liability and Zerga filed this suit against Hartford for breach of its performance obligations under the bonds.[2]

Hartford moved for summary judgment on August 23, 2019, as to all of Zerga's claims, arguing, in pertinent part, that Zerga failed to satisfy a condition precedent by not providing

---

[2] Zerga also sued Kendall Phinney, Zerga's general partner and president of HMC, and several entities related to either Phinney and/or HMC.

HMC with proof of financial assurances following HMC's May 4 letter.[3]  Hartford attached several exhibits to its motion, including copies of the contracts and the executed change orders which increased the contract sum.  On September 13, Zerga filed its first amended petition and a response to Hartford's motion for summary judgment arguing that HMC waived its right to rely on its failure to fulfill the condition precedent because it continued working on the projects despite Zerga's failure to provide financial assurances.  Hartford filed its reply on September 19 arguing that its conduct after the May 4 letter did not waive its right to performance of the condition precedent.  On September 20, the trial court conducted a hearing on Hartford's motion, and on September 26, the trial court signed an order denying the motion.  On October 28, Hartford filed a motion requesting the trial court reconsider its earlier ruling and directed the trial court's attention to the following "no-waiver" language in the contracts:

> § 13.4.2 No action or failure to act by the Owner, Architect or Contractor shall constitute waiver of a right or duty afforded them under the Contract, nor shall such action or failure to act constitute approval of or acquiescence in a breach there under except as may be specifically agreed in writing.

After a hearing on the motion to reconsider, the trial court withdrew its previous denial of Hartford's motion for summary judgment, and on December 3, signed an order granting the motion. Hartford filed a motion to sever Zerga's claims against Hartford from the remainder of the lawsuit.  On February 3, 2020, the trial court granted the motion to sever.  This appeal followed.

## SUMMARY JUDGMENT

In Zerga's first issue, it argues that the trial court erred by granting summary judgment in favor of Hartford because it did so based upon a legal argument first raised in the motion to reconsider and not addressed in the motion for summary judgment.

Alternatively, Zerga argues that, despite the contracts' no waiver provision, there remains a fact issue as to whether HMC waived its ability to enforce the condition precedent because

---

[3] Hartford also argued that Chapter 56 of the Texas Business and Commerce Code required Zerga to provide evidence of sufficient financial arrangements following HMC's May 4 letter and Zerga's failure to make financial assurances following HMC's May 4 letter or make timely payments constituted a prior material breach of the contracts, relieving Hartford of any responsibility under the bonds.

HMC continued working on the projects. Zerga also argues that Kendall Phinney's dual role as a principal of both Zerga and HMC negated Zerga's obligation to provide financial assurances. Finally, Zerga argues that a fact issue remains as to whether Zerga agreed to the change orders that triggered its obligation to provide financial assurances.

## Standard of Review

We review the trial court's decision to grant a traditional motion for summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007). A defendant who moves for summary judgment must conclusively disprove one of the elements of each of the plaintiff's causes of action. *Union Pump Co. v. Allbritton*, 898 S.W.2d 773–774 (Tex. 1995), *abrogated on other grounds by Ford Motor Co. v. Ledesma*, 242 S.W.3d 32 (Tex. 2007). Once the party moving for summary judgment establishes its right to summary judgment as a matter of law, the nonmovant must present evidence raising a genuine issue of material fact to avoid the motion being granted. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979).

We review the evidence in the light most favorable to the nonmovant, accept all of the nonmovant's factual assertions as true, and resolve any doubt in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–549 (Tex. 1985). Conclusory statements are not proper summary judgment proof. *Lindley v. McKnight*, 349 S.W.3d 113, 126 (Tex. App.—Fort Worth 2011, no pet.) (citing *McIntyre v. Ramirez,* 109 S.W.3d 741, 749 (Tex. 2003); *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996); *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex. 1984)). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam). A fact issue may be created either by disputed or ambiguous facts. *McCreight v. City of Cleburne*, 940 S.W.2d 285, 288 (Tex. App.—Waco 1997, writ denied).

## Applicable Law

"When a defendant moves for summary judgment, he must expressly state in the motion the specific grounds upon which relief is sought, and summary judgment may only be granted on those grounds." *Hardaway v. Nixon*, 544 S.W.3d 402, 412 (Tex. App.—San Antonio 2017, pet. denied); *see* TEX. R. CIV. P. 166(c), (i); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 340 (Tex. 1993). For traditional summary judgment motions, the movant must produce

4

evidence conclusively establishing all material facts to demonstrate its entitlement to judgment as a matter of law on the ground specifically presented in the motion. TEX. R. CIV. P. 166a(c); *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). If a movant's initial summary judgment burden is satisfied, the burden shifts to the non-movant to respond with evidence raising a genuine issue of material fact as to the summary judgment ground. TEX. R. CIV. P. 166a(c); *cf. Amedisys*, 437 S.W.3d at 511.

A condition precedent to the right to maintain an action must be performed and the "fact of performance or excuse of nonperformance must be alleged and proved in order to warrant recovery." *Lidawi v. Progressive Cty. Mut. Ins. Co.*, 112 S.W.3d 725, 729 n.1 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (citing *Sw. Associated Tel. Co. v. City of Dalhart*, 254 S.W.2d 819, 825 (Tex. Civ. App.—Amarillo 1952, writ ref'd n.r.e.)). Performance of any condition precedent is an essential element of a plaintiff's breach of contract case. *Lidawi*, 112 S.W.3d at 734.

**The Motions**

On appeal, Zerga argues that because Hartford did not identify the no waiver provision to the trial court in its written summary judgment motion or reply, the trial court erred by granting summary judgment on "grounds" not raised by the written motion, in violation of Rule 166a(c). TEX. R. CIV. P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor"). It is true that when a defendant moves for summary judgment, it must expressly state in the motion the specific grounds upon which relief is sought, and summary judgment may only be granted on those grounds. *Id.*; *Hardaway*, 544 S.W.3d at 412. In this case, however, the trial court did not violate Rule 166a(c).

Hartford moved for summary judgment, in pertinent part, on the ground that a condition precedent was triggered by HMC's May 4 letter and that Zerga failed to satisfy this condition precedent. Hartford attached copies of the contracts, the general conditions to the contracts, and the executed change orders as evidence to support its motion. In response, Zerga argued, in pertinent part, that Hartford waived performance of the condition precedent by continuing to work on the projects. In support, Zerga attached a letter from HMC to a subcontractor regarding the projects dated July 7, 2015, a warranty request by HMC to Zerga regarding the projects dated July 23, and two meeting agendas relating to the projects submitted by HMC dated May 5 and June 3, respectively. Hartford filed a reply, arguing that Zerga had not established that HMC's

conduct after the May 4 letter constituted a waiver of the condition precedent that Zerga provide financial assurances.

In a letter ruling detailing its reasons for denying Hartford's summary judgment motion, the trial court stated that a fact question remained as to whether HMC waived the performance of the condition precedent by continuing work on the projects. But in its motion for reconsideration, Hartford directed the trial court's attention to the no waiver provision contained in the contracts and asked the court to reconsider its ruling that a fact issue existed as to whether HMC waived performance of the condition precedent in light of the no waiver provision in the contract. Zerga responded to Hartford's motion, arguing that the trial court should deny the motion on grounds that "Hartford presented the relevant arguments advanced by this motion in a previously filed and heard motion for summary judgment..." and "[n]othing has changed legally or factually since Hartford filed [its] first motion seeking summary adjudication of this construction dispute." The trial court subsequently granted the motion to reconsider, stating that "waiver does not provide a basis for Zerga to avoid Hartford's [m]otion for [s]ummary [j]udgment on all three of Hartford's affirmative defenses." This order granted Hartford's motion to reconsider, withdrew the September 26 order denying summary judgment, and granted summary judgment in favor of Hartford.

Accordingly, Hartford moved for summary judgment on the ground that Zerga failed to satisfy a condition precedent by not providing Hartford with financial assurances as requested in Hartford's May 4 letter. In its motion to reconsider, Hartford argued that it did not waive performance of the condition precedent and pointed to the no waiver provision in the contracts' general conditions, which was included in Hartford's summary judgment proof. Therefore, we reject Zerga's argument that Hartford raised a new ground for summary judgment in its motion for reconsideration by urging the trial court to reconsider its ruling based upon the same ground, i.e., failure to satisfy a condition precedent.

Moreover, a trial court may, in the exercise of discretion, properly grant summary judgment after having previously denied summary judgment without a motion by or prior notice to the parties, as long as the court retains jurisdiction over the case. *Stroop v. N. Cty. Mut. Ins. Co.,* 133 S.W.3d 844, 852 (Tex. App.—Dallas 2004, pet. denied). Thus, the trial court could have reconsidered and granted Hartford's motion for summary judgment even without Hartford's motion to reconsider. *See id.* For these reasons, we reject Zerga's argument that the trial court's

grant of summary judgment violated Rule 166a(c).  *See* TEX. R. CIV. P. 166a.(c).  We overrule Zerga's first issue.

## Waiver

Despite the no waiver provision in the contracts, Zerga nonetheless argues as part of its second issue that a fact issue remains as to whether Hartford waived performance of a condition precedent by continuing to work on the projects.  We note that Zerga filed a short response to Hartford's motion to reconsider in which it stated that "[n]othing has changed legally or factually since Hartford filed [its] first motion seeking summary adjudication of this construction dispute."  Thus, Zerga presented no argument to the trial court that Hartford waived its right to performance of a condition precedent in light of the no waiver provisions contained in the parties' contracts.  *See* TEX. R. APP. P. 33.1(a)(1)(A) ("As a prerequisite to presenting a complaint for appellate review, the record must show that...the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that... the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context").  But assuming without deciding that Zerga preserved this issue for our review, the result would be the same.  Appellant provided this Court with no authority that Hartford's conduct after the May 4 letter constitutes a waiver of performance of any condition precedent.  *See* TEX. R. APP. P. 38.1 ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").  The Texas Supreme Court has held that Texas's public policy strongly favors freedom of contract and absent compelling reasons, courts must respect and enforce the terms of a contract the parties freely and voluntarily entered.  ***Shields Ltd. P'ship v. Bradberry***, 526 S.W.3d 471, 481 (Tex. 2017).  Further, as a general proposition, nonwaiver provisions are binding and enforceable.  ***Id.***

Moreover, Hartford points out that the contracts contain a clause stating:

> A Claim is a demand or assertion by one of the parties seeking, as a matter of right, payment of money, or other relief with respect to the terms of the Contract. The term "Claim" also includes other disputes and matters in question between the Owner and Contractor arising out of or relating to the Contract. The responsibility to substantiate Claims shall rest with the party making the Claim.
>
> ...

7

> Pending final resolution of a Claim, except as otherwise agreed in writing or as provided in Section 9.7 and Article 14, the Contractor shall proceed diligently with performance of the Contract and the Owner shall continue to make payments in accordance with the Contract Documents. The Architect will prepare Change Orders and issue Certificates for Payment in accordance with the decisions of the Initial Decision Maker.

Thus, the contract dictates that the contractor shall continue performance under the contract pending final resolution of a claim, which would encompass the claims made by Zerga in this lawsuit. For the reasons discussed above, we overrule this portion of Zerga's second issue.

## Phinney's Role

Also as part of its second issue, Zerga argues that Phinney's dual roles in both Hartford and HMC negated the necessity for Zerga to provide the financial assurances requested by HMC. Zerga asserts the following:

> [T]he record clearly shows there is a fact issue as to whether this is necessary when Phinney was both a principal for [Zerga] and a general partner for HMC, who had knowledge of [Zerga's] financial capacity and wherewithal. [Zerga] further argues that as such, Phinney's knowledge would be imputed to HMC, negating the necessity of [Zerga] providing financial assurances.

Zerga concedes that Section 53.026 of the property code, known as the "sham contracts" provision, does not apply to this case. The provision was designed to elevate a subcontractor or materialman to an original contractor where the original contractor acquired such status by virtue of a sham relationship with the owner. *See* TEX. PROP. CODE ANN. § 53.026 (West 2014). However, Zerga argues that "[Section 53.026] recognizes that it is illogical to require that notice be given to the owner in his capacity as owner and also as original contractor." *See **Da–Col Paint Mfg. Co. v. Am. Indem. Co.***, 517 S.W.2d 270, 273 (Tex. 1974). Zerga further argues that "[s]imilarly, it would be illogical to require [Zerga] to provide financial assurances in response to a sham letter to HMC, where HMC has constructive or actual knowledge of the financial assurances."

We are not persuaded by this argument because Zerga failed to link this argument to any legal consequence in this case. There is no provision in the contract that creates an exception to Zerga's obligation to provide financial assurances based on Phinney's role. Furthermore, Zerga does not argue that the contract's terms are ambiguous. An unambiguous contract will be enforced as written, and parol evidence will not be received for the purpose of creating an

ambiguity or giving the contract a meaning different from that which its language imports. ***David J. Sacks, P.C. v. Haden***, 266 S.W.3d 447, 450 (Tex. 2008). Thus, we overrule this portion of Zerga's second issue.

**Change Orders**

Finally, as part of Zerga's second issue, it argues that a fact issue remains as to whether the May 4 letter triggered the condition precedent. Zerga argues that "there is no evidence that [it] agreed to any change in the [w]ork that would materially change the [c]ontract [s]um...[i]n fact, the evidence shows that [it] ***did*** not agree to increase the contract sums and that [it]...requested [Hartford] provide [Zerga] with the proposed budget and timeline ***and*** disputed whether any change orders were valid."

We are not persuaded by Zerga's argument. Our review of the summary judgment record reveals that Hartford attached multiple executed change orders to its motion for summary judgment that increased the contract sum and were signed by Zerga's registered agent and general partner, Jerry Green. In its brief, Zerga makes no attempt to explain the existence of the signed change orders beyond the conclusory statement that they are "invalid." We note that Zerga attached an affidavit from Green to its response to Hartford's motion for summary judgment; however, in the affidavit Green does not address the validity of the change orders. Instead, Zerga directs our attention to a letter from Anthony P. Jach to HMC wherein Jach states "there have not been any change orders approved by Zerga extending the Contract Time on either project."[4] But Jach's conclusory statement in a letter is insufficient to create a fact issue. *See **Duarte-Viera v. Fannie Mae***, 560 S.W.3d 258, 262 (Tex. App.—Amarillo 2016, no pet.) ("A conclusory statement is one that is not susceptible to being readily controverted and does not provide the underlying facts to support the conclusion."); *see also **Brown v. RK Hall Constr., LTD.***, 500 S.W.3d 509, 513 (Tex. App.—Texarkana 2016, pet. denied) (conclusory statements are insufficient to create a question of fact to defeat summary judgment). Thus, we overrule this portion of Zerga's second issue.

<h2 style="text-align:center">CONCLUSION</h2>

Having overruled Zerga's first and second issues, we ***affirm*** the trial court's judgment.

---

[4] Zerga's brief identifies Anthony Jach as Zerga's representative. Jach's letter does not identify his role within Zerga.

**BRIAN HOYLE**
Justice

Opinion delivered April 14, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 14, 2021

NO. 12-20-00074-CV

**ZERGA PHIN-KER, LP,**
Appellant
V.
**HARTFORD FIRE INSURANCE COMPANY,**
Appellee

---

Appeal from the County Court at Law No 2
of Gregg County, Texas (Tr.Ct.No. 2017-846-CCL2-1)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**; all costs of this appeal are assessed against Appellant, **ZERGA PHIN-KER, LP,** and that this decision be certified to the court below for observance.

Brian Hoyle., Justice
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*